THEO FIELD BURDICK, Executrix of the Estate of MARY EMELINE POPE, and the ESTATE OF MARY EMELINE POPE, Appellant, *v.* WALTER N. POPE, Executor of the Estate of FRANK W. POPE, and DORIS V. DENNIS, Respondents.

No. 6934

January 17, 1974          518 P.2d 146

*Virgil A. Bucchianeri,* of Carson City, for Appellant.

*Kermitt L. Waters,* of Las Vegas, and *Richard G. Edwards,* of Carson City, for Respondents.

## OPINION

*Per Curiam:*

Mary Emeline and Frank W. Pope were married on October 22, 1955. On January 25, 1956, William F. Skidmore conveyed a parcel of real property located adjacent to U.S. Highway 50 in Ormsby County [now Carson City], Nevada, to "Mary E. Johnson Pope, a married woman," with a recitation in the deed that it was to be "her sole and separate property."

Mary Emeline Pope died on January 3, 1964. Under the terms of her will, she bequeathed the sum of $2,500.00 to her husband, Frank W. Pope. The residue of the estate was left to her daughter, Theo Field Burdick, the appellant. Frank Pope died in 1967, and the respondents brought an action for declaratory relief requesting that the parcel located on U.S. Highway 50 be declared community property and that an undivided one-half interest be set over as a part of the estate of Frank W. Pope, deceased.

The trial court found the parcel to be community property and ordered that it be equally divided between the two estates. This appeal followed.

The only evidence in the record that might tend to support the appellant's contention that the parcel of real property was Mrs. Pope's separate property is the recitation in the deed that it was conveyed to her as "her sole and separate property." All the other evidence in the record amounts to either surmise or conjecture.

Properties acquired during marriage are presumed to be community property,[1] and the presumption can only be overcome by clear and certain proof. Todkill v. Todkill, 88 Nev.

---

[1] NRS 123.130: "1. All property of the wife owned by her before marriage, and that acquired by her afterwards by gift, bequest, devise or descent, with the rents, issues and profits thereof, is her separate property.

"2. All property of the husband owned by him before marriage, and that acquired by him afterwards by gift, bequest, devise or descent, with the rents, issues and profits thereof, is his separate property."

NRS 123.220: "All property, other than that stated in NRS 123.130, acquired after marriage by either husband or wife, or both, except as provided in NRS 123.180 and 123.190, is community property."

231, 495 P.2d 629 (1972); see Carlson v. McCall, 70 Nev. 437, 271 P.2d 1002 (1954); Lake v. Bender, 18 Nev. 361, 7 P. 74 (1884).

Appellant has presented no authority and we have found none which would support her contention that the words "her sole and separate property" written in the deed are sufficient to overcome the presumption that this parcel acquired during coverture was community property.

We believe that the phrase "her sole and separate property" standing alone, without supporting evidence, is not the clear and certain proof required to overcome the presumption.

The judgment of the district court is affirmed.