ROWENA P. PRYOR, Appellant, *v.*
ROY PRYOR, Respondent.

No. 17193

March 31, 1987                    734 P.2d 718

*W. Randall Mainor,* Las Vegas, for Appellant.

*Alan R. Harter,* Las Vegas, *Murray Posin,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant Rowena Pryor (Rowena) appeals from a decree of divorce. The decree included a finding that her husband, respondent Roy Pryor (Roy) owns a life estate in certain real property as trustee for their two adult children until the grantor (Mrs. King) demands payment on a note. The decree stated that, when the demand is made, the property will become community property. We disagree with the conclusion of the district court. We reverse and remand.

Roy and Rowena married in Nevada in 1963. During marriage they resided in a mobile-home park at Henderson, Nevada. The ownership of the trailer park, which was originally owned in fee by Mrs. King, is the central dispute in this case.

During the latter years of the marriage, Mrs. King and Roy executed several deeds transferring property between themselves. The various properties will be referred to herein as parcels 3, 4 and 5. The only deed in the record before us that concerns parcel 3 is a quitclaim deed dated November 20, 1980. This deed, executed by Mrs. King and Roy, transfers parcel 3 and 4 to Roy for life, with the remainder to the Pryors' adult children.

Parcel 4 was the subject of a rather strange series of deeds by which Roy acquired a life estate in parcel 4. The first deed, dated August, 1972, transfers parcel 4 from Mrs. King to Mrs. King for life, remainder to Roy, on the condition that Roy pay $33,000 to Mrs. King's daughter. No time for payment was specified. The second deed, dated December, 1976, executed by Mrs. King alone, purports to transfer parcel 4 to Roy for life, remainder to the Pryor children. The final deed was the quitclaim deed mentioned above, dated November, 1980, whereby Mrs. King and Roy joined in transferring parcels 3 and 4 to Roy for life, remainder to the Pryor children.

Simultaneous with the quitclaim deed of November, 1980, Roy executed a demand note for $125,000 payable to Mrs. King or her daughter. He also executed and recorded a trust deed.

The district court found that it was the intent of Mrs. King to exclude Rowena from the property. The court concluded that parcels 3 and 4 were owned by Roy as trustee for the children, but that if Mrs. King ever demands payment on the note, then the property will become community property.

There is no support for the proposition that property can change its nature from or to community property at the whim of the grantor. This aspect of the decision below was error.

Even ignoring the portion of the decision that allows the property to change from separate to community property at the demand of the grantor, the decision is in error. A life tenant may be considered in some jurisdictions as a trustee for the remainder-men, but he nevertheless owns a valuable estate in his own right. *See* Restatement (second) of Trusts, §16C (1959). The courts that term the life tenant a trustee do so because of the restrictions on waste and the like; however, the life tenant, unlike a true trustee, owns a valuable estate that is subject to division as community property.

Having decided that Roy acquired a valuable estate, the question now becomes whether that estate is community or separate property. We begin with the presumption that all property acquired during the marriage is community property. Burdick v. Pope, 90 Nev. 28, 518 P.2d 146 (1974). Rebuttal of the presumption requires clear and convincing evidence. *Id.* Even a deed reciting that Roy owned the estate as his separate property would not of itself overcome the presumption. *Id.* Roy, as the party claiming that the property is separate, would have the burden. *Id.* Roy would have the burden of showing that the estate was acquired by gift, devise or bequest or that the property was acquired with his separate property or credit. NRS 123.130 and NRS 123.220. *See also* Kelly v. Kelly, 86 Nev. 301, 468 P.2d 359 (1970).

Mrs. King's intent to exclude Rowena may be relevant to the question of what distribution is equitable,[1] but it does not create separate property unless the transfer to Roy is by gift, devise or bequest, or unless the property is acquired through separate property or credit. If there is substantial evidence in the record to support a decision below, we will not disturb that decision. Conversely, where there is not substantial evidence supporting a finding that property is separate, we will not hesitate to disturb a finding of the district court. Avery v. Gilliam, 97 Nev. 181, 625 P.2d 1166 (1981).

Our review of the record reveals no evidence that the life estate was acquired by gift. Mrs. King testified that the property had to be paid for. Roy himself considered the interest to be community

---

[1]We recognize that a detailed finding of the equities involved might well support distribution of the estates to Roy upon remand. We will not decide in the first instance what distribution is equitable. That is a decision best left to the district court. Weeks v. Weeks, 72 Nev. 268, 302 P.2d 750 (1956).

property. The demand note for $125,000 executed simultaneously with the deed leads us to conclude that there was no gift. We find no evidence to the contrary in the record.

Nor do we find any evidence that the life estate was acquired with Roy's separate property or credit. Indeed we find no evidence that Roy had any substantial separate property with which to fund the purchase of the estate. Because Mrs. King testified at trial, we may infer that the estate was not acquired by devise.

[Headnote 6]

As to parcel 5, we again find error. The district court found that neither Roy nor Rowena had any interest in parcel 5—that it was owned by Mrs. King in fee. Two deeds are in evidence. By the first, Mrs. King transferred parcel 5 to Roy for life, remainder to the children. By the second, Roy purported to transfer the property to Mrs. King for life, remainder to Roy for his life, remainder to the Pryor children. It appears that Roy has retained some small interest in the land.[2] The scope of that interest must be determined on remand. His interest may never become possessory, but it is an interest nonetheless and subject to division as community property unless it is proved to be his separate property.

In short, the property cannot be transmuted from a "trust" for the children to community property at the demand of the grantor. The estate in parcels 3 and 4 is not a trust. The record reveals that it is a valuable estate in land. There is no evidence to rebut the presumption that the estate is community property. Similarly, with parcel 5, there is no evidence that the interest of the parties is not a community interest.

We note that inclusion of additional community property to the marital estate may upset the delicate balance of equities leading to the original property distribution. The district court may therefore find it necessary to re-evaluate the entire distribution. Weeks v. Weeks, 72 Nev. 268, 302 P.2d 750 (1956).

For the reasons presented above, we reverse and remand.

---

[2]Roy testified that he transferred parcel 5 "back to" Mrs. King via the second deed. Roy is in error. He owned only a life estate. He could transfer no more than he owned.