T.C. Memo. 1997-97

UNITED STATES TAX COURT

CATHY MILLER HARDY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17013-95.                    Filed February 25, 1997.

<u>William P. Koontz</u>, for petitioner.

<u>Wendy S. Harris</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined the following defi-

ciencies in, and additions to, petitioner's Federal income tax:

| | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1)[1] | Sec. 6654(a) |
| 1981 | $10,369 | $2,592 | $794 |
| 1982 | 10,090 | 2,523 | 982 |
| 1983 | 9,580 | 2,395 | 586 |

[1]  Unless otherwise indicated, all section references are to the
Internal Revenue Code in effect for each of the years in ques-
tion.  All Rule references are to the Tax Court Rules of Practice
and Procedure.

| 1984 | 2,064 | 516 | 130 |
| 1985 | 2,059 | 515 | 118 |
| 1986 | 2,245 | 561 | 100 |

On brief, respondent asks the Court to find the following deficiencies in, and additions to, petitioner's Federal income tax:[2]

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1983 | $5,277 | $641 | $114 |
| 1984 | 1,331 | 100 | 3 |
| 1985 | 2,059 | 515 | 118 |
| 1986 | 1,837[3] | -- | -- |

The issues remaining for decision are:[4]

---

[2]  Respondent also asserts on brief that petitioner has prepayment credits of $2,714, $1,015, and $0 for 1983, 1984, and 1985, respectively.

[3]  Although respondent contends on brief that petitioner has unreported income for 1986 resulting in a deficiency for that year of $1,837, she concedes that petitioner has a prepayment credit of $2,626 and thus an overpayment of $789 for that year. However, respondent further contends that that overpayment for 1986 is barred by the statutory period of limitations. We shall not address respondent's contentions about the deficiency or the overpayment for 1986 because (1) the parties have stipulated that there is no deficiency in, or additions to, petitioner's Federal income tax for 1986, and (2) petitioner does not dispute, and we conclude that she concedes, respondent's position that the overpayment for 1986 is barred by the statutory period of limitations.

[4]  Petitioner contends for the first time in her answering brief that she had a dependent during each of the years at issue for whom she is entitled to a dependency exemption. It is well settled that the Court will not consider issues raised for the first time on brief when to do so would prevent the opposing party from presenting evidence that that party might have proffered if the issue had been timely raised. DiLeo v. Commissioner, 96 T.C. 858, 891 (1991), affd. 959 F.2d 16 (2d Cir. 1992); Shelby U.S. Distribs, Inc. v. Commissioner, 71 T.C. 874,

(continued...)

(1)  Does petitioner have unreported income for 1983, 1984, and 1985?  We hold that she does.

(2)  Is petitioner liable for 1983, 1984, and 1985 for the addition to tax for failure to file a return under section 6651(a)(1)?  We hold that she is.

(3)  Is petitioner liable for 1983, 1984, and 1985 for the addition to tax for failure to pay estimated tax under section 6654(a)?  We hold that she is.

### FINDINGS OF FACT[5]

Some of the facts have been stipulated and are so found.

Petitioner resided in Golconda, Nevada, at the time the petition was filed.

Petitioner did not file a Federal income tax return (return) for the years at issue, nor did she at anytime make an attempt to determine whether she was required to file a return for any of those years.

Petitioner, who is part German and part Native American and who was raised in the Shoshone Indian culture, has a high school education.  She has been married to Ray Hardy (Mr. Hardy) since

[4](...continued)
885 (1979).  Here, respondent had no opportunity to argue, let alone present evidence, relating to petitioner's claim that she is entitled to a dependency exemption for each of the years at issue.  Accordingly, we shall not consider that claim.  We note that even if we were to consider that claim, the record does not contain any evidence to support it.

[5]  Unless otherwise indicated, all of the facts that we have found pertain to the years 1983, 1984, and 1985 (years at issue).

November 22, 1981.  Since their marriage, petitioner and Mr. Hardy have resided together in Nevada, a community property State, and, except for short, temporary periods of time, have not lived apart.

Mr. Hardy was employed in the construction industry in positions where he was responsible for operating machinery such as cranes, loaders, and bulldozers.  Petitioner, who worked part-time, was aware that Mr. Hardy was employed in the construction industry.

The following items and amounts of income were, and were reported to respondent as having been, paid to and/or earned by Mr. Hardy:

|  | 1983 | 1984 | 1985 |
|---|---|---|---|
| Wages | $47,840.38 | $18,963.00 | $44,233.00 |
| Unemployment Compensation | -- | 3,318.00 | 632.00 |
| Interest | 424.00 | 705.00 | 139.00 |

Petitioner and Mr. Hardy lived in a trailer house titled in his name that he had purchased at the time they were married.  At various periods of time during the years at issue, the following individuals lived with petitioner and Mr. Hardy in their trailer house:  (1) Lorena Chessmore, petitioner's daughter from a previous marriage, (2) Duncan, petitioner's son from a previous marriage, (3) Ray Donald Hardy, Mr. Hardy's son from a previous marriage, (4) Jeffrey Hardy, and (5) petitioner's parents.

Petitioner and Mr. Hardy incurred various living expenses (living expenses), including expenses for groceries, gasoline, maintenance of the trailer house in which they lived, utilities, and meals at restaurants, and each of them incurred certain expenses that were attributable to their respective children. Mr. Hardy used at least a portion of the income that was paid to him to pay at least some of the living expenses (e.g., groceries, gasoline, utilities, maintenance of the trailer house, and meals at restaurants).

Petitioner and Mr. Hardy did not have any house mortgage, automobile loan, or medical expenses, nor did they give each other any expensive or lavish gifts.

During 1985, petitioner purchased a parcel of land in Golconda, Nevada (Golconda land), on which she made a security deposit of $1,100 and monthly mortgage payments of approximately $300. Petitioner obtained an $11,000 grant from the Shoshone Indians that was used to buy the building materials that she and Mr. Hardy utilized around 1985 to build a house on the Golconda land.

At no time during the years at issue or at any other relevant time did petitioner and Mr. Hardy enter into a written agreement to keep their respective property separate and not subject to the community property law of the State of Nevada.

OPINION

Unreported Income

Respondent determined in the notice of deficiency (notice), inter alia, (1) that petitioner has unreported income for 1983 based on Bureau of Labor Statistics (BLS) and (2) that petitioner has unreported income for 1984 and 1985 based upon one-half of the community income paid to and/or earned by Mr. Hardy during those years. Respondent concedes that petitioner does not have unreported income for 1983 based on BLS; however, she contends that petitioner has unreported income for that year based on one-half of the community income paid to and/or earned by Mr. Hardy during that year.

Since respondent's position with respect to petitioner's unreported income for the years at issue rests on the application of the community property law of the State of Nevada where petitioner and Mr. Hardy resided at all relevant times, we shall first discuss that law. See United States v. Mitchell, 403 U.S. 190, 197 (1971). Pursuant to Nevada law, community property generally is any property acquired after marriage by either spouse or by both spouses. Nev. Rev. Stat. sec. 123.220 (1993). All property acquired after marriage is presumed to be community property. Forrest v. Forrest, 99 Nev. 602, 604, 668 P.2d 275, 277 (1983). That presumption may be rebutted, but only by clear and convincing evidence, by the spouse claiming that property

acquired during marriage is not community property. Pryor v.
Pryor, 103 Nev. 148, 150, 734 P.2d 718, 719 (1987).  Income
earned by either spouse during marriage generally is community
property, regardless which spouse earns more income or which
spouse supports the community.  Robison v. Robison, 100 Nev. 668,
670, 691 P.2d 451, 453 (1984).  Married persons may enter into a
written agreement to keep their respective property separate and
not subject to Nevada's community property law.  Nev. Rev. Stat.
sec. 123.220 (1993); see also Nev. Rev. Stat. sec. 123.190
(1993).

Spouses who are domiciled in a community property State like
Nevada generally are required to report and pay tax on one-half
of their community income, United States v. Mitchell, supra at
196, regardless whether they actually receive that income,
Furgatch v. Commissioner, 74 T.C. 1205, 1209 (1980).[6]

We will sustain respondent's position with respect to
petitioner's unreported income for the years at issue if:
(1) Mr. Hardy has income for the years at issue; (2) the presump-
tion under Nevada law that that income is community income is not

---

[6]  We thus reject petitioner's contention that requiring peti-
tioner to include in her gross income for the years at issue a
portion of the income paid to and/or earned by Mr. Hardy during
those years raises constitutional problems because petitioner
never received that income.  Petitioner's contention also is
contrary to our finding that Mr. Hardy used at least a portion of
the income that was paid to him to pay at least some of the
living expenses.

rebutted by clear and convincing evidence; and (3) section 66(b) and (c) does not apply in the instant case.

Before focusing on the foregoing matters, we shall address petitioner's contention, which respondent disputes, that respondent has the burden of proving that Mr. Hardy has income for the years at issue.[7]

We conclude that respondent has the burden of proving that Mr. Hardy has income for 1983, a new matter that respondent did not determine in the notice,[8] see Rule 142(a), and that petitioner has the burden of proving error in respondent's determinations in the notice that Mr. Hardy has income for 1984 and 1985,

---

[7] We do not understand petitioner to contend that respondent also has the burden of proving (1) that the presumption under Nevada law that the income paid to and/or earned by Mr. Hardy during the years at issue is community income is not rebutted and (2) that sec. 66(b) and (c) does not apply in the present case. Even if we misunderstood petitioner's position regarding who has the burden of proof on those two matters, we conclude that (1) petitioner, who is the spouse claiming that the income paid to and/or earned by Mr. Hardy during the years at issue is not community income, has the burden under Nevada law to rebut by clear and convincing evidence the presumption under that law that that income is community income, see Pryor v. Pryor, 103 Nev. 148, 150, 734 P.2d 718, 719 (1987), and (2) petitioner, who relies on sec. 66(b) and (c), has the burden of proving that she has satisfied the requirements of that section. Cf. United States v. Shanbaum, 10 F.3d 305, 311 (5th Cir. 1994).

[8] Petitioner does not even advance as a ground for her position that respondent has the burden of proving that Mr. Hardy has income for 1983 that that is a new matter that was not determined in the notice.

see Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).[9] We find all of petitioner's arguments regarding who has the burden of proof to be without merit. For example, petitioner contends that the notice is arbitrary. The only argument that petitioner advances in support of that contention is that respondent's concession of certain determinations in the notice renders the notice arbitrary as to the remaining determinations therein. We reject that contention. See <u>United States Holding Co. v. Commissioner</u>, 44 T.C. 323, 328 (1965). We also reject petitioner's contention that, in an unreported income case such as the instant case, the burden of proof shifts to respondent merely because, if it does not, petitioner would be required to prove a negative. See Rule 142(a); <u>Rapp v. Commissioner</u>, 774 F.2d 932, 935 (9th Cir. 1985), affg. an Order of this Court.[10]

The Income Allegedly Paid to
and/or Earned by Mr. Hardy
<u>During the Years at Issue</u>

Respondent has presented evidence establishing that during

---

[9] On the record before us, our findings with respect to whether Mr. Hardy has income for the years at issue would remain the same regardless who bears the burden of proof on that question.

[10] On the instant record, we find that respondent has come forward with substantive evidence establishing an evidentiary foundation for respondent's determinations in the notice that Mr. Hardy has income for 1984 and 1985. See <u>Rapp v. Commissioner</u>, 774 F.2d 932, 935 (9th Cir. 1985), affg. an Order of this Court; <u>Weimerskirch v. Commissioner</u>, 596 F.2d 358, 360 (9th Cir. 1979), revg. 67 T.C. 672 (1977).

the years at issue, (1) Mr. Hardy was employed in the construction industry; (2) petitioner was aware that Mr. Hardy was employed in the construction industry; (3) Mr. Hardy was paid income from his employment; and (4) he used at least a portion of that income to pay at least some of the living expenses.[11]  In addition, the parties stipulated:  (1) Income totaling $48,264.38, consisting of wages and interest, was reported to respondent as having been paid to and/or earned by Mr. Hardy during 1983; and (2) income totaling $22,986 and $45,004, consisting of wages, unemployment compensation, and interest, was reported to respondent as having been paid to and/or earned by Mr. Hardy during 1984 and 1985, respectively.  Petitioner has made no attempt to, and has not, come forward with any evidence indicating that that income was not paid to and/or earned by Mr. Hardy during those years.  Indeed, petitioner does not even dispute that the income that was reported to respondent as having been paid to and/or earned by Mr. Hardy during the years at issue was paid to and/or earned by him during those years.  Instead, petitioner chooses to rely on her questionable assertion that she had no way of obtaining and presenting evidence at trial relating

[11]  Respondent subpoenaed Mr. Hardy as a witness at the trial in this case.  During his testimony, Mr. Hardy invoked, and the Court sustained in certain respects, his claim under the Fifth Amendment to the U.S. Constitution with respect to answering certain questions concerning his employment during the years at issue.

to whether the income so reported to respondent was in fact paid to and/or earned by Mr. Hardy.

In her answering brief filed on August 26, 1996, petitioner contends that, pursuant to section 6201(d), respondent must produce "reasonable and probative information" concerning the income that was allegedly paid to and/or earned by Mr. Hardy during the years at issue other than the parties' stipulation that certain income was reported to respondent as having been paid to and/or earned by him during those years.

Section 6201(d) provides:

In any court proceeding, if a taxpayer asserts a rea-
sonable dispute with respect to any item of income
reported on an information return filed with the Secre-
tary under subpart B or C of part III of subchapter A
of chapter 61 by a third party and the taxpayer has
fully cooperated with the Secretary (including provid-
ing, within a reasonable period of time, access to and
inspection of all witnesses, information, and documents
within the control of the taxpayer as reasonably re-
quested by the Secretary), the Secretary shall have the
burden of producing reasonable and probative informa-
tion concerning such deficiency in addition to such
information return.

That section became effective on the date of its enactment, which was July 30, 1996.

Assuming arguendo that section 6201(d) were applicable in the present case,[12] it nonetheless would not require respondent

---

[12] We note that petitioner filed a petition with this Court on Aug. 30, 1995, and the trial in the instant case was held on May 23, 1996.

to produce "reasonable and probative information" concerning the deficiency for each year at issue in addition to the parties' stipulation in this case about the information returns with respect to Mr. Hardy that were filed with respondent for each such year.[13] That is because we conclude that petitioner has not asserted "a reasonable dispute with respect to any item of income" that was reported to respondent as having been paid to and/or earned by Mr. Hardy and has not shown that she "fully cooperated" with respondent.

On the record before us, we find that during 1983, 1984, and 1985 income of $48,264.38, $22,986,[14] and $45,004, respectively, was paid to and/or earned by Mr. Hardy. Although we have found that during 1985 income of $45,004 was paid to and/or earned by Mr. Hardy, respondent's determination of the deficiency for 1985 (viz., $2,059) was based upon one-half of only $29,684 of commu-nity income of Mr. Hardy. Respondent does not claim a deficiency for 1985 in an amount greater than that determined in the notice. Accordingly, we conclude that respondent is not claiming that Mr.

[13] As stated above, respondent did present evidence, in addition to the parties' stipulation that certain income was reported to respondent as having been paid to and/or earned by Mr. Hardy during the years at issue, to support her contention that Mr. Hardy has income for those years.

[14] Although respondent determined a deficiency for 1984 based on one-half of Mr. Hardy's community income of $27,608, on brief, she claims a deficiency for that year based on one-half of Mr. Hardy's community income of only $22,986.

Hardy has income for 1985 in an amount greater than that determined in the notice (viz., $29,684) on which the deficiency determined therein and claimed herein is based. Hereinafter, unless otherwise indicated, any reference to the income paid to and/or earned by Mr. Hardy during 1983, 1984, and 1985 shall be to such income of $48,264.38, $22,986, and $29,684, respectively.

### Alleged Oral Agreement Between Petitioner and Mr. Hardy

Although petitioner does not dispute that any income that was paid to and/or earned by Mr. Hardy during the years at issue is presumed to be community income under Nevada's community property law, she contends that (1) at the time of her marriage to Mr. Hardy, she and Mr. Hardy entered into an oral agreement to keep their respective property separate, and (2) accordingly, the income that was paid to and/or earned by Mr. Hardy during those years is not community income. Respondent disputes the existence of such an oral agreement. Respondent further maintains that, even assuming arguendo that petitioner and Mr. Hardy had entered into such an agreement, income paid to and/or earned by Mr. Hardy during the years at issue would nonetheless constitute community income for Federal income tax purposes because, under Nevada law, an agreement between spouses to keep their respective property separate is not effective against a third party, such as respondent, unless it is in writing and is recorded.

We need not, and do not decide, whether, under Nevada law, an oral agreement between spouses to keep their respective property separate is effective against respondent. That is because, regardless how that issue is resolved under Nevada law, we nonetheless find on the record before us that petitioner has not established by clear and convincing evidence, as required by that law, Pryor v. Pryor, 103 Nev. at 150, 734 P.2d at 719, that during the years at issue she and Mr. Hardy did, in fact, have an oral agreement to keep their respective property separate.[15] In this regard, we find it significant that the record contains no evidence relating to the specific terms of the alleged oral agreement between petitioner and Mr. Hardy. It is also sig- nificant that: (1) Mr. Hardy testified at a deposition in the

---

[15] Petitioner attempted to show that during the years at issue she and Mr. Hardy had an oral agreement to keep their respective property separate through her own testimony and the testimony of the following witnesses: (1) Her husband, Mr. Hardy, (2) her daughter, Lorena Chessmore, (3) her cousin, Oscar Johnny, and (4) Mr. Hardy's son, Ray Donald Hardy. We conclude that peti- tioner's attempt failed. We did not find the testimony of either petitioner or Mr. Hardy to be credible. Indeed, their respective testimony at the trial in this case was inconsistent in certain material respects with their respective testimony at depositions taken in connection with a Federal tax proceeding in the U.S. District Court for the District of Nevada (District Court pro- ceeding). We found the testimony of petitioner's daughter and cousin and Mr. Hardy's son to be at times general, vague, and conclusory, and we did not find their testimony particularly helpful to petitioner's position that Mr. Hardy and she had an oral agreement during the years at issue to keep their respective property separate. Indeed, none of them testified that petition- er and Mr. Hardy had such an agreement during those (or any other) years.

District Court proceeding that petitioner and he did not enter into an agreement to keep their respective property separate, and (2) Mr. Hardy used at least a portion of the income that was paid to him during the years at issue to pay at least some of the living expenses (e.g., groceries, gasoline, utilities, maintenance of the trailer house, and meals at restaurants).[16]

Based on the record before us, we conclude that petitioner has not, as required by Nevada law, rebutted by clear and convincing evidence the presumption under that law that the income paid to and/or earned by Mr. Hardy during 1983, 1984, and 1985 is community income.  On that record, we sustain respondent's position that such income is community income.

Section 66(b) and (c)

Petitioner contends that, assuming arguendo that the income paid to and/or earned by Mr. Hardy during the years at issue constitutes community income, section 66(b) and (c) nonetheless relieves her from including any portion of that income in her gross income for those years.  Respondent disagrees.

---

[16] Petitioner claims that any transfer of property by Mr. Hardy to her constituted a gift.  Based on our review of the record in this case, we are not persuaded that any such transfer constituted a gift.  Rather, based on that review, we find that Mr. Hardy's willingness to use the income that was paid to him during the years at issue to pay at least some of the living expenses supports respondent's position that that income is community income.  See Jensen v. Jensen, 104 Nev. 95, 98, 753 P.2d 342, 344 (1988).

Section 66(b) and (c) provides:

    (b)  SECRETARY MAY DISREGARD COMMUNITY PROPERTY
LAWS WHERE SPOUSE NOT NOTIFIED OF COMMUNITY INCOME.--
The Secretary may disallow the benefits of any commu-
nity property law to any taxpayer with respect to any
income if such taxpayer acted as if solely entitled to
such income and failed to notify the taxpayer's spouse
before the due date (including extensions) for filing
the return for the taxable year in which the income was
derived of the nature and amount of such income.

    (c)  SPOUSE RELIEVED OF LIABILITY IN CERTAIN OTHER
CASES.--Under regulations prescribed by the Secretary,
if--

        (1)  an individual does not file a joint
    return for any taxable year,

        (2)  such individual does not include in
    gross income for such taxable year an item of
    community income properly includible therein
    which, in accordance with the rules contained in
    section 879(a), would be treated as the income of
    the other spouse,

        (3)  the individual establishes that he or
    she did not know of, and had no reason to know of,
    such item of community income, and

        (4)  taking into account all facts and cir-
    cumstances, it is inequitable to include such item
    of community income in such individual's gross
    income,

then, for purposes of this title, such item of commu-
nity income shall be included in the gross income of
the other spouse (and not in the gross income of the
individual).

    As for petitioner's reliance on section 66(b), that section

is applicable only to taxable years beginning after December 31,

1984.  Sec. 424(c)(2) of the Deficit Reduction Act of 1984, Pub.

L. 98-369, 98 Stat. 803.  Consequently, section 66(b) is not even

effective for, and can in no event support petitioner's position regarding, petitioner's taxable years 1983 and 1984.  Section 66(b) is, however, effective for petitioner's taxable year 1985. Nonetheless, we reject petitioner's argument that, because respondent previously determined deficiencies and assessed tax against Mr. Hardy with respect to the income that was paid to and/or earned by Mr. Hardy during the years at issue, she is relieved under section 66(b) from including any of that income in her gross income.  That argument is misdirected.[17]  Section 66(b) does not provide any relief for petitioner's taxable year 1985. That section is not a relief provision and can be used only by respondent in order to disallow the benefits of community property laws to a taxpayer under certain prescribed conditions; it cannot be used by a taxpayer in order to avoid his or her liability for tax on community income paid to and/or earned by that taxpayer's spouse.[18]

As for petitioner's reliance on section 66(c), respondent contends that although petitioner satisfies the first two re-

---

[17]  Petitioner's argument also ignores that respondent represented in her trial memorandum, which the Court had filed in this case, that she will abate the tax assessed against Mr. Hardy if the Court were to find that the income that was paid to and/or earned by him during the years at issue is community income, one-half of which is includible in petitioner's gross income for those years.

[18]  See Drummer v. Commissioner, T.C. Memo. 1994-214, affd. without published opinion 68 F.3d 472 (5th Cir. 1995); Rutledge v. Commissioner, T.C. Memo. 1992-52, affd. without published opinion 4 F.3d 990 (5th Cir. 1993).

quirements in section 66(c)(1) and (2), she does not satisfy the last two requirements in section 66(c)(3) and (4). We agree with respondent.

With respect to the requirement in section 66(c)(3), on the present record, we find (1) that petitioner knew, or had reason to know, about the compensation that was paid to Mr. Hardy during the years at issue and (2) that petitioner has failed to show that she did not know, and had no reason to know, about the interest that was paid to and/or earned by Mr. Hardy during those years or the unemployment compensation that was paid to him during 1984 and 1985. In this connection, we note that petitioner's knowledge of an item of community income must be determined with reference to her knowledge of the particular income-producing activity. See McGee v. Commissioner, 979 F.2d 66, 70 (5th Cir. 1992), affg. T.C. Memo. 1991-510. We have found that during the years at issue, (1) Mr. Hardy was employed in the construction industry; (2) petitioner was aware that Mr. Hardy was employed in the construction industry; (3) income was reported to respondent as having been, and was, paid to and/or earned by Mr. Hardy; and (4) Mr. Hardy used at least a portion of the income that was paid to him to pay at least some of the living expenses. Although petitioner claims that she was not aware of the exact amount of the income that was paid to and/or earned by Mr. Hardy during the years at issue, "a spouse's unawareness of the exact amount of an item of community income is not determinative of

knowledge for purposes of section 66(c)".  Id. at 70.

With respect to the requirement in section 66(c)(4), on the present record, we find that it would not be inequitable to include in petitioner's gross income for the years at issue one-half of the income that was paid to and/or earned by Mr. Hardy during those years.[19]  The legislative history of section 66(c)(4) indicates that one of the factors to be taken into account in making a determination under that section is "whether the spouse [who is seeking relief under section 66(c)] benefitted from the untaxed income".  H. Rept. 98-432, at 1503 (1984).  We have found that Mr. Hardy used at least a portion of the income that was paid to him during the years at issue to pay at least some of the living expenses.  On the record before us, we find that petitioner benefited from the income that was paid to and/or earned by Mr. Hardy during those years.

Based on our review of the entire record in the instant case, we find that neither section 66(b) nor section 66(c)

---

[19]  Petitioner contends that it would be inequitable to include in her gross income for the years at issue a portion of the income paid to and/or earned by Mr. Hardy during those years because respondent previously determined deficiencies and assessed tax against Mr. Hardy with respect to that income, and such inclusion would result in double taxation of the same income.  Assuming arguendo that double taxation of the same income were a relevant consideration for purposes of sec. 66(c)(4), respondent has represented that she would abate the tax assessed against Mr. Hardy if the Court were to find against petitioner on the community income issue, see supra note 17, and, in that event, there would be no double taxation of the same income.

permits petitioner to exclude from her gross income for 1983, 1984, and 1985 a portion of the income that was paid to and/or earned by Mr. Hardy during those years. On that record, we sustain (1) respondent's position that petitioner has unreported income of $24,132.19 for 1983, (2) respondent's determination, as reduced on brief, that petitioner has unreported income of $11,493 for 1984, and (3) respondent's determination that petitioner has unreported income of $14,842 for 1985.

<u>Additions to Tax</u>

<u>Section 6651(a)(1)</u>

Respondent determined that petitioner is liable for each of the years at issue for the addition to tax under section 6651(a)(1) because she failed to file a return for each such year. The addition to tax under section 6651(a)(1) does not apply if it is shown that the failure to file was due to reasonable cause, and not due to willful neglect.

Although petitioner's position is not altogether clear, she appears to contend that her failure to file a return was due to reasonable cause, and not willful neglect, because she did not know, and Mr. Hardy never informed her, that she had to report and pay tax on a portion of the income that was paid to and/or earned by him during the years at issue.

On the instant record, we reject petitioner's contention. Petitioner was aware that Mr. Hardy was employed in the construction industry during the years at issue, and Mr. Hardy used at

least a portion of the income that was paid to him during those years to pay at least some of the living expenses.  Petitioner also worked during the years at issue.  However, petitioner did not at anytime make an attempt to determine whether she was required to file a return for any of those years.

On the record before us, we find that petitioner's failure to file returns for the years at issue was not due to reasonable cause.  Accordingly, we sustain respondent's determinations, as reduced on brief by respondent, imposing the addition to tax under section 6651(a)(1) for each of those years.[20]

Section 6654(a)

Respondent determined that petitioner is liable for each of the years at issue for the addition to tax under section 6654(a) because she failed to pay estimated taxes for each such year. The addition to tax under section 6654(a) is mandatory unless the taxpayer establishes that one of the exceptions under section 6654(e) applies.  Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).  Petitioner does not claim, and the record does not support a finding, that any of the exceptions under section 6654(e) applies.

On the record before us, we sustain respondent's determina-

---

[20] Although not altogether clear, there may be a disagreement between the parties about the amounts of the prepayment credits for the years at issue to which petitioner is entitled in computing the additions to tax under sec. 6651(a), as well as sec. 6654(a).  We direct the parties to resolve any such disagreement in their computations under Rule 155.

tions, as reduced on brief by respondent, imposing the additions to tax under section 6654(a) for each of the years at issue.[21]

To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.

---

[21] See <u>supra</u> note 20.