135 Nev., Advance Opinion 4

IN THE SUPREME COURT OF THE STATE OF NEVADA

RICARDO P. PASCUA,
Appellant,
vs.
BAYVIEW LOAN SERVICING, LLC;
SEASIDE TRUSTEE, INC.; AND BANK
OF NEW YORK MELLON,
Respondents.

No. 71770

FILED

FEB 07 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a petition for judicial review in a Foreclosure Mediation Program matter. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

*Reversed and remanded.*

Robison, Sharp, Sullivan & Brust and Therese M. Shanks, Reno, for Appellant.

Weinstein & Riley, P.S., and Aaron Waite, Las Vegas, for Respondents.

BEFORE GIBBONS, C.J., PICKERING and HARDESTY, JJ.

*OPINION*

By the Court, GIBBONS, C.J.:

This case presents us with the question of whether a decedent's spouse, who has been appointed as special administrator over the decedent's estate, may elect to participate in the Foreclosure Mediation Program (FMP) regarding the decedent's residential real property, despite

the fact that the property was purchased in the decedent's name only. We conclude that where an individual has been appointed special administrator of an estate that includes residential real property, the special administrator resides in the property as his or her primary residence, and the special administrator retains an ownership interest via intestate succession laws, he or she is entitled to participate in the FMP.

I.

During her marriage to appellant Ricardo P. Pascua, Myrna Pascua purchased a home in her name only, which was encumbered by a deed of trust. In 2010, Myrna passed away, survived by Ricardo and their two children. After Myrna's death, Ricardo filed a petition for special letters of administration with the probate court wherein he requested appointment as special administrator of Myrna's estate. Ricardo later filed an amended petition, listing the purpose of the appointment as "marshall[ing] all assets," and listing himself and his two children as relatives and heirs. In 2011, Ricardo was ultimately appointed special administrator of Myrna's estate "for the purpose of administrating the estate in accordance with [NRS] 140.040."

In 2016, respondent Bayview Loan Servicing, LLC, which serviced Myrna's mortgage for respondent Bank of New York Mellon, the assignee of the deed of trust, commenced foreclosure proceedings on the property. Ricardo, as special administrator of Myrna's estate, requested foreclosure mediation through Nevada's FMP. At the mediation, the mediator found that the homeowner failed to attend the mediation because she was deceased and concluded that the property was not eligible for the FMP because, among other things, Ricardo was not an owner or grantor of the property, and the order appointing him as special administrator did not specifically authorize him to participate in the FMP. Ricardo filed a petition

for judicial review in the district court, which was denied. Ricardo now appeals and raises a single issue: whether a special administrator of an estate that includes residential real property subject to foreclosure proceedings may elect to participate in the FMP.[1]

## II.

Ricardo argues that a special administrator's general powers and duties under NRS 140.040 to preserve and take charge of real property of the estate, and specific powers under NRS 140.040(2)(a) to "commence, maintain or defend actions and other legal proceedings . . ." as a special representative are sufficient to vest authority in the special administrator to participate in the FMP.[2] He further argues that a special administrator may participate in the FMP under the foreclosure mediation rules (FMRs) and NRS 107.086.

### A.

"In reviewing a district court order granting or denying judicial review in an FMP matter, this court gives deference to a district court's factual determinations and examines its legal determinations," such as the construction of a statute or FMP rule, de novo. *Jacinto v. PennyMac Corp.*, 129 Nev. 300, 304, 300 P.3d 724, 727 (2013); *Pasillas v. HSBC Bank USA*, 127 Nev. 462, 467, 255 P.3d 1281, 1285 (2011). "If the plain meaning of a

---

[1]Ricardo initially filed a pro se informal brief, but the case was thereafter referred to the pro bono program for appointment of counsel.

[2]Alternatively, Ricardo argues that he substantially complied with NRS 140.040(2)(c) because his initial petition specifically stated that he was seeking special administrator status for the purpose of negotiating a short sale of the property. We are not persuaded by his argument, as the issue is not whether the scope of the order appointing him special administrator included authorization to negotiate a short sale, but whether a special administrator is eligible to participate in the FMP.

statute is clear on its face, then [this court] will not go beyond the language of the statute to determine its meaning." *Beazer Homes Nev., Inc. v. Eighth Judicial Dist. Court*, 120 Nev. 575, 579-80, 97 P.3d 1132, 1135 (2004) (alteration in original) (internal quotation marks omitted). Moreover, "[w]here the statutory language . . . does not speak to the issue before us, we will construe it according to that which 'reason and public policy would indicate the legislature intended.'" *Salas v. Allstate Rent-A-Car, Inc.*, 116 Nev. 1165, 1168, 14 P.3d 511, 514 (2000) (quoting *State, Dep't of Motor Vehicles & Pub. Safety v. Lovett*, 110 Nev. 473, 477, 874 P.2d 1247, 1249-50 (1994) (internal quotation marks omitted)).

## B.

The FMP applies to "owner-occupied residence[s],"[3] FMR 1(1), defined as "housing that is occupied by an owner as the owner's primary residence," NRS 107.086(1), (19)(d).[4] The stated purpose of the FMP "is to provide for the orderly, timely, and cost-effective mediation of owner-occupied residential foreclosures," and to "encourage[ ] deed of trust beneficiaries (lenders) and homeowners (borrowers) to exchange information and proposals that may avoid foreclosure." FMR 1(2). The question before us is whether the FMP rules and statutory scheme

---

[3]The foreclosure proceedings were commenced on or about February 9, 2016. This mediation was therefore governed by the Foreclosure Mediation Rules as amended January 13, 2016. *See In re Adoption of Rules for Foreclosure Mediation*, ADKT 435 (Order Adopting Foreclosure Mediation Rules, June 30, 2009).

[4]NRS 107.086 was amended in 2017. 2017 Nev. Stat., ch. 571, § 2, at 4091-96. Except where otherwise indicated, the references in this opinion to statutes codified in NRS Chapter 107 are to the version of the statutes in effect when the events giving rise to this litigation occurred.

contemplate Ricardo's participation in the FMP as special administrator of Myrna's estate.

A special administrator is a person appointed "to collect and take charge of the estate of the decedent . . . and to exercise such other *powers as may be necessary to preserve the estate.*" NRS 140.010 (emphasis added). NRS 140.040, the statute upon which Ricardo's special administration powers are based, provides that "[a] special administrator shall . . . [t]ake charge and management of the real property and enter upon and preserve it from damage, waste and injury." NRS 140.040(1)(b). Property acquired during the marriage is presumed to be community property. *Pryor v. Pryor*, 103 Nev. 148, 150, 734 P.2d 718, 719 (1987). "Rebuttal of the presumption requires clear and convincing evidence," and "[e]ven a deed reciting that [the owner] owned the estate as his separate property would not of itself overcome the presumption." *Id.* The party claiming that the property is separate has the burden of demonstrating that it is not community property. *Id.* Pursuant to NRS 123.250(1), upon the death of a spouse:

> (a) An undivided one-half interest in the community property is the property of the surviving spouse and his or her sole separate property.
>
> (b) The remaining interest:
>
> > (1) Is subject to the testamentary disposition of the decedent or, in the absence of such a testamentary disposition, goes to the surviving spouse . . . .

*See also McKissick v. McKissick*, 93 Nev. 139, 148, 560 P.2d 1366, 1371 (1977).

Here, Myrna and Ricardo occupied the property in question as their primary residence, and Ricardo continued to do so after Myrna's death.

Under such circumstances, the plain language of the relevant statutes and rules authorizes a special administrator to participate in the FMP, which is a preliminary step "necessary to preserve the estate" and keep "it from damage, waste and injury," i.e., foreclosure. NRS 140.010; NRS 140.040(1)(b). Even if the administrator statutes did not speak to this issue, reason and public policy indicate that the statutory schemes and court rules contemplate a special administrator's participation in the FMP to avoid foreclosure of residential property occupied by the special administrator as the spouse of the deceased owner and to preserve the estate. *Salas*, 116 Nev. at 1168, 14 P.3d at 514. In addition, the property was acquired during Ricardo's marriage to Myrna and is thus presumed to be community property. While the fact that the deed was titled as Myrna's sole and separate property may suggest that it was not meant to constitute community property, we conclude that Bayview Loan failed to demonstrate that the property was not intended to be community property. Thus, the record supports that, upon Myrna's death, Ricardo received, at a minimum, an undivided one-half interest in the property. *See* NRS 123.250(1)(a). Accordingly, Ricardo was empowered to participate in the FMP as a special administrator and because he obtained an ownership interest in the property upon Myrna's death.

## III.

As Ricardo obtained an ownership interest in the property upon Myrna's death and the property served as his primary residence, he qualifies as an owner-occupier under Nevada statutes and the FMRs, and because his status as special administrator also authorizes him to take action to preserve Myrna's estate, Ricardo was entitled to participate in the FMP. Thus, the district court erred by denying Ricardo's petition for

judicial review.[5] We therefore reverse the district court's order and remand for proceedings consistent with this opinion.

_____, C.J.
Gibbons

We concur:

_____, J.
Pickering

_____, J.
Hardesty

---

[5]Because Ricardo has an ownership interest in the property, and is authorized to participate in the FMP pursuant to NRS 140.040, we further conclude that Ricardo is an aggrieved party within the meaning of NRAP 3A. We thus reject Bayview Loan's contention that Ricardo lacks standing to appeal. *See Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 446, 874 P.2d 729, 734 (1994) ("A party is 'aggrieved' within the meaning of NRAP 3A(a) 'when either a personal right or right of property is adversely and substantially affected' by a district court's ruling." (quoting *In re Estate of Hughes v. First Nat'l Bank of Nev.*, 96 Nev. 178, 180, 605 P.2d 1149, 1150 (1980))).

SUPREME COURT
OF
NEVADA

(O) 1947A