# IN THE SUPREME COURT OF THE STATE OF NEVADA

KAREN CARTER,
Appellant,
vs.
DUXFORD FINANCIAL INC.; MERS;
RUSHMORE LOAN MANAGEMENT;
AND QUALITY LOAN SERVICE CORP.,
Respondents.

No. 81633

FILED

SEP 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order dismissing a request for relief in a foreclosure mediation matter. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.[1]

Appellant owns a 5-percent interest in the subject property. Appellant's husband also owns a 5-percent interest, and a corporation owned by appellant's husband owns the remaining 90-percent interest. The district court dismissed appellant's petition for mediation assistance, reasoning that the above-described ownership interest rendered appellant ineligible to participate in the Foreclosure Mediation Program (FMP). *See* NRS 107.086(3) (referring to "the grantor or *the person* who holds the title of record" as those being eligible for the FMP (emphasis added)); *see also* Foreclosure Mediation Rule (FMR) 7(1) (restricting FMP eligibility to "*the* owner-occupant of a residence" (emphasis added)). In particular, the

---

[1]We have determined that oral argument is not warranted. NRAP 34(f)(3).

21-21900

district court concluded that appellant was ineligible because appellant was not *the* titleholder of the subject property in light of her fractional interest.[2]

Appellant contends that the district court erred because neither NRS 107.086(3) nor FMR 7 specify that the titleholder must be a single person. While this may technically be accurate, we nevertheless agree with the district court's construction of NRS 107.086(3) and FMR 7. *See Pascua v. Bayview Loan Servicing, LLC*, 135 Nev. 29, 31, 434 P.3d 287, 289 (2019) (reviewing de novo a district court's construction of a statute or FMP rule). In particular, NRS 107.086(3) and FMR 7 respectively refer to "*the person* who holds the title of record" and "*the* owner-occupant of a residence" in describing those who are eligible to participate in the FMP, which presupposes a 100-percent ownership interest in the subject property. Indeed, the district court observed that in the event a property is jointly owned (as in this case), the Eighth Judicial District's FMP forms provide signature spaces for multiple titleholders in order to show their joint participation. Because appellant is only a 5-percent owner of the subject property and she presented no evidence to the district court indicating that the other owners elected to participate in the mediation, the district court correctly determined that appellant was ineligible to participate on her own and properly dismissed appellant's petition. *Cf. Pascua*, 135 Nev. at 31, 434 P.3d at 289 ("[W]here the statutory language does not speak to the issue

---

[2]The district court alternatively determined that appellant was ineligible because the subject property was not "owner-occupied housing," in that the majority owner—the corporation—was incapable of "occup[ying]" the property as a "residence." *See* FMR 7(2) (defining "[o]wner-occupied housing" as "housing that is occupied by an owner as his or her primary residence"). Because we agree with the district court's first determination, we need not address this alternative determination.

 

before us, we will construe it according to that which reason and public policy would indicate the legislature intended." (internal quotation marks and alteration omitted)). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Hardesty

_____, J.
Stiglich

_____, Sr.J.
Gibbons

cc: Hon. Linda Marie Bell, Chief Judge
Karen Carter
Akerman LLP/Las Vegas
McCarthy & Holthus, LLP/Las Vegas
Eighth District Court Clerk

---

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.