137 Nev., Advance Opinion 85

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DANIEL LAKES, AN INDIVIDUAL,<br>Appellant,<br>vs.<br>U.S. BANK TRUST, TRUSTEE FOR<br>LSF9 MASTER PARTICIPATION<br>TRUST,<br>Respondent. | No. 79324<br><br>**FILED**<br><br>DEC 30 2021<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>CHIEF DEPUTY CLERK |

Appeal from a district court summary judgment quieting title in a real property action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

*Affirmed.*

Hartwell Thalacker, Ltd., and Doreen M. Spears Hartwell and Laura J. Thalacker, Las Vegas,
for Appellant.

Ballard Spahr LLP and Maria A. Gall and Joel E. Tasca, Las Vegas; McGuire Woods LLP and Gilbert Charles Dickey and Stephanie J. Peel, Los Angeles, California, and Washington, D.C.,
for Respondent.

Fennemore Craig, P.C., and Leslie Bryan Hart and John D. Tennert III, Reno,
for Amicus Curiae Federal Home Loan Mortgage Corporation.

SUPREME COURT
OF
NEVADA

(O) 1947A

21-37160

BEFORE THE SUPREME COURT, EN BANC.

*OPINION*

By the Court, CADISH, J.:

By statute, a homeowners' association (HOA) obtains a lien afforded superpriority status for a portion of delinquent HOA assessments. When the HOA properly forecloses on that lien, it extinguishes the first deed of trust on the property. The first deed-of-trust beneficiary can protect its interest therein, however, by tendering the superpriority portion of the HOA's lien before the foreclosure sale. While appellant questions whether that happened here, the undisputed evidence confirms that it did, such that no issue of fact exists as to the first deed of trust's survival.

However, appellant also challenges the district court's decision quieting title in favor of respondent, the first deed of trust holder, arguing that respondent cannot enforce its first-priority interest in the property because the assignment evidencing its status as the first deed-of-trust beneficiary was not recorded until after appellant recorded his grant, bargain, and sale deed showing the interest he obtained in the property from a successor in interest to the purchaser at the HOA's foreclosure sale. We are not persuaded by appellant's proposed reading of the recording statute. Appellant acquired only the interest in the property that was conveyed to him when he purchased it, and because of the superpriority tender, he took the property subject to the first deed-of-trust lien recorded years before the HOA foreclosure sale. The fact that the deed-of-trust assignment was recorded after appellant recorded his deed does not affect respondent's right to enforce its lien because the assignment does not change the status of appellant's title, which was always subordinate to the

SUPREME COURT
OF
NEVADA

(O) 1947A

interest secured by the first deed of trust. As the district court properly quieted title in respondent's favor, we affirm.

## FACTS AND PROCEDURAL HISTORY

In April 2007, a borrower purchased the underlying property through a loan secured by a first deed of trust duly recorded with the Clark County Recorder. In May 2007, Freddie Mac purchased the loan. In 2008, the HOA recorded a lien for $625.04 in delinquent assessments. The following month, the lender's nominee recorded an assignment of the deed of trust to Freddie Mac's loan servicer, Ocwen Loan Servicing, LLC. That same month, the HOA recorded a notice of default and election to sell the property listing the amount owed as $1,668.57. In April 2015, the HOA recorded a notice of foreclosure sale stating that the property was in default under the lien for delinquent assessments recorded in 2008. Ocwen tendered $3,241.52 to satisfy the superpriority portion of the lien, which the HOA accepted, but the HOA nevertheless foreclosed on its lien in August 2015. Over the next five months, the property was transferred three more times, with the final conveyance made to appellant Daniel Lakes in January 2016, by a grant, bargain, and sale deed, which expressly provided that his interest was subject to any claims, encumbrances, or liens. Lakes recorded his deed in January 2016. In the meantime, in December 2015, respondent U.S. Bank Trust acquired the loan from Freddie Mac. In May 2016, Ocwen assigned the first deed of trust to U.S. Bank Trust. Ocwen recorded the assignment in the Clark County Recorder's Office that same month.

Both parties sought to quiet title. The district court granted U.S. Bank Trust's motion for summary judgment, concluding that Lakes took title to the property subject to U.S. Bank Trust's first deed of trust because the superpriority tender cured the default, such that the ensuing foreclosure sale did not extinguish the first deed of trust. The district court

SUPREME COURT
OF
NEVADA

(O) 1947A

also rejected Lakes's argument that title should be quieted in his favor as a bona fide purchaser because he lacked notice of U.S. Bank Trust's interest in the property. In so doing, the court concluded that "Lakes' argument that U.S. Bank's interest in the Deed of Trust is void and unenforceable as to him pursuant to N.R.S. § 111.325 is without merit because the timing of the Assignment is immaterial to the HOA Sale not extinguishing the Deed of Trust." The district court certified its order as final under NRCP 54(b). On appeal, the court of appeals reversed and remanded, concluding that U.S. Bank Trust's failure to record its assignment of the deed of trust before Lakes recorded his grant, bargain, and sale deed created a genuine issue of material fact as to Lakes's status as a bona fide purchaser. We granted U.S. Bank Trust's petition for review under NRAP 40B.

## DISCUSSION

Lakes argues that a genuine issue of material fact exists as to whether Ocwen tendered enough to cover the superpriority amount of the HOA's lien. While the record does not contain documentation expressly stating the superpriority amount, we may nonetheless infer from admissible evidence in the record that Ocwen tendered enough to satisfy it. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC (Diamond Spur)*, 134 Nev. 604, 606, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). Here, the HOA's notice of delinquent assessments stated that the borrower owed $625.04 in assessments. Thus, the superpriority amount of the HOA's lien could not exceed $625.04. *See* NRS 116.3116(2) (2013) (describing the superpriority component of an HOA's lien as "the assessments for common expenses . . . which would have become

due . . . during the 9 months immediately *preceding* institution of an action to enforce the lien" (emphasis added)); *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 133 Nev. 21, 26, 388 P.3d 226, 231 (2017) (recognizing that under the pre-2015 version of NRS 116.3116, serving a notice of delinquent assessments constitutes institution of an action to enforce the lien). Ocwen tendered $3,241.52, which the HOA accepted.[1] Thus, the district court properly determined that the tender, which was in excess of the superpriority portion of the HOA's lien as shown on the notice of delinquent assessments, cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Diamond Spur*, 134 Nev. at 606-09, 427 P.3d at 118-21; *see Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court order granting summary judgment); *cf. Prop. Plus Invs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 133 Nev. 462, 467, 401 P.3d 728, 731-32 (2017) (observing that an HOA must restart the foreclosure process to enforce a second superpriority default).

---

[1]Although Lakes asserts that his declaration stating that he paid past due fees and assessments after acquiring the property creates an issue of fact as to whether Ocwen's payment satisfied the HOA's superpriority lien, the declaration does not state when those past due fees and assessments accrued or what they covered. Also, because the HOA conveyed all of its rights, title, and interest to the purchaser at the HOA foreclosure sale, any fees and assessments that were unpaid when Lakes acquired the property must have accrued after the foreclosure sale, such that they would not be part of the superpriority lien that precipitated the foreclosure sale at issue here. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (providing the standard to survive summary judgment); *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602-03, 172 P.3d 131, 134 (2007) (explaining the moving and opposing parties' respective burdens of production and persuasion on summary judgment).

Relying on NRS 111.325, Lakes argues that if the first deed of trust survived the foreclosure sale, the district court nevertheless erred in quieting title in U.S. Bank Trust's favor because he recorded his grant, bargain, and sale deed showing his interest in the property before Ocwen recorded the assignment of the deed of trust to U.S. Bank Trust, making the deed of trust unenforceable. We disagree.

NRS 111.325 provides that unrecorded conveyances of real property, as defined by NRS 111.010 and required to be recorded by NRS 111.315, "shall be void as against any subsequent purchaser, in good faith and for a valuable consideration, of the same real property, or any portion thereof, where his or her own conveyance shall be first duly recorded." The statute does not speak to the precise question at issue, i.e., whether a party who acquires the beneficial interest in the first deed of trust by post-foreclosure assignment may enforce its interest therein when another party who purchased the property downstream from the foreclosure sale (which was void as to the interest secured by the deed of trust) records his grant, bargain, and sale deed before the recording of the deed-of-trust assignment. Construing the statute in accordance with reason and in a way that harmonizes legislative purpose and policy, we conclude that it does not apply to allow Lakes to avoid all indebtedness on the property, including the duly recorded first deed-of-trust lien. *Pascua v. Bayview Loan Servicing, LLC*, 135 Nev. 29, 31, 434 P.3d 287, 289 (2019) ("[W]here the statutory language does not speak to the issue before us, we will construe it according to that which reason and public policy would indicate the legislature intended." (internal quotation marks and alteration omitted)).

Here, Lakes does not qualify as a subsequent purchaser under NRS 111.325 because Ocwen assigned the first deed of trust to U.S. Bank

SUPREME COURT
OF
NEVADA

(O) 1947A

Trust roughly four months *after* Lakes obtained his subordinate interest in the property via the grant, bargain, and sale deed. His interest was subordinate because when he purchased the property in 2016, it was encumbered by a secured creditor's senior lien, as evidenced by the duly recorded first deed of trust. On the date of the foreclosure sale, the HOA owned no interest beyond its subpriority claims for assessments and related fees. The purpose of the recording statute is to protect those who honestly believe they are acquiring a good title. *See SFR Invs. Pool 1, LLC v. First Horizon Home Loans*, 134 Nev. 19, 22, 409 P.3d 891, 893 (2018) ("The very purpose of recording statutes is to impart notice to a subsequent purchaser."); *Allison Steel Mfg. Co v. Bentonite, Inc.*, 86 Nev. 494, 497, 471 P.2d 666, 668 (1970) ("Recording statutes provide 'constructive notice' of the existence of an outstanding interest in land, thereby putting a prospective purchaser on notice that he may not be getting all he expected."); *see Bank of Am., N.A. v. Casey*, 52 N.E.3d 1030, 1035 (Mass. 2016) (observing that the state's recording statute "requires that a mortgage be recorded . . . in order to provide effective notice to anyone beyond the parties to the mortgage transaction and those with actual notice of it").

A post-foreclosure, off-record deed-of-trust assignment is not material to Lakes's title because the deed-of-trust lien recorded in 2007 was enforceable against the property when Lakes purchased his interest in 2016. The property was not sold to Lakes free and clear of all claims, liens, and encumbrances. And his deed reflects that. Lakes purchased title subject to the recorded first deed-of-trust lien, and neither the assignment to U.S. Bank Trust in May 2016 nor the statutory requirement for recording the assignment change Lakes's interest in the property from what he acquired in January 2016. *Cf. Kapila v. Atl. Mortg. & Inv. Corp.*, 184 F.3d

1335, 1337 (11th Cir. 1999) (concluding that the owner of a mortgage interest may transfer its interest after the mortgagor files for bankruptcy because "the perfected mortgage is neither actually nor potentially the property of the debtor," who holds only legal title, rather than an equitable interest, in the mortgaged property). Thus, applying NRS 111.325 to these facts, Lakes and U.S. Bank Trust do not have conflicting claims to the same interest because Lakes's interest in the property was always subordinate to the first deed-of-trust lien, which remained unsatisfied. The fact that the beneficiary of the first deed of trust may subsequently assign its interest to another party does not affect that interest. In that regard, the unreleased first deed of trust, recorded in 2007, provided notice of the first-priority lien, no matter who the beneficiary. It is impossible for a bona fide purchaser to exist under these circumstances, as any purchaser would have constructive notice of the deed-of-trust lien, *see* NRS 111.320, and could not assume the lien was satisfied absent a record of satisfaction, *see* NRS 106.260-.270, or until ten years after the maturity date, *see* NRS 106.240.

As the district court found, U.S. Bank Trust's deed-of-trust lien is enforceable under NRS 106.210, which governs recording requirements for deed-of-trust assignments. That statute provides that such assignments must be recorded before the assignee may exercise the power of sale.[2] NRS 106.210 (requiring that "any assignment of the beneficial interest under a deed of trust must be recorded" to be enforced, and "the trustee under the deed of trust may not exercise the power of sale pursuant to NRS 107.080

_____

[2]Although Lakes relies on *Allen v. Webb* in his supplemental reply brief as supporting his interpretation of NRS 111.325 and his status as a bona fide purchaser, *Allen* is inapposite because it addressed the recording of a *new* deed of trust, not a post-foreclosure assignment of an *already recorded* deed of trust. 87 Nev. 261, 264, 485 P.2d 677, 678 (1971).

SUPREME COURT
OF
NEVADA

(O) 1947A

8

unless and until the assignment is recorded"). NRS 111.325 and NRS 106.210 complement each other, as the former allows avoidance of unrecorded instruments against subsequent bona fide purchasers for valuable consideration. The fact that the deed-of-trust assignment here was not recorded until after Lakes took title simply affects who could enforce it at that time, not whether Lakes was on notice of its existence. Lakes was not induced into purchasing the property as a result of U.S. Bank Trust not recording the assignment until May 2016, and he was not prejudiced by U.S. Bank Trust's post-foreclosure recordation of its assignment, as the first deed of trust, no matter who owned it, was unreleased when the HOA foreclosed on its subordinate lien. *Cf. Smith v. FDIC*, 61 F.3d 1552, 1558-59 (11th Cir. 1995) (concluding that purchaser at foreclosure sale under a second mortgage was not "without notice" of a mortgage assignee's interest in the first mortgage, such that he could benefit from Florida's recording statute, because he had implied actual notice of that interest from the original lender's recording of the first mortgage); *Bank W. v. Henderson*, 874 P.2d 632, 637 (Kan. 1994) (reasoning that a bank that failed to record its assignment of a first-priority mortgage until after a subordinate lienholder foreclosed in 1991 did not "hold a secret equity by virtue of its failure to record its assignment," because the underlying first mortgage, duly recorded in 1973, gave effective notice of a superior lien, and it "mattered not who actually owned the first mortgage; it was enough that [others] had notice of it").

## CONCLUSION

Given that U.S. Bank Trust recorded its assignment before it counterclaimed to quiet title, and because Lakes does not qualify as a subsequent purchaser under NRS 111.325, the district court properly

concluded that U.S. Bank Trust may enforce its deed-of-trust lien in accordance with NRS 106.210. We therefore affirm the summary judgment in favor of U.S. Bank Trust.

_____, J.
Cadish

We concur:

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

SUPREME COURT
OF
NEVADA

(O) 1947A