CITY OF NORTH LAS VEGAS, NEVADA, a Municipal Corporation, WILLIAM L. TAYLOR, Mayor, C. R. CLELAND, JOHN E. MYERS, JACK R. PETITTI and WENDELL G. WAITE, Councilmen, Appellants, v. GERALD CLUFF, VIRGIL BENDIX, EVERETT WALLACE, LOU TABAT and WILLIAM TURNER, Individually and as Members of a Petitioners' Committee, Respondents.

No. 5824

April 2, 1969                    452 P.2d 461

*Jeffrey Ian Shaner,* North Las Vegas City Attorney, for Appellants.

*I. R. Ashleman,* of Las Vegas, for Respondents.

*Sidney R. Whitmore,* Las Vegas City Attorney, as Amicus Curiae.

## OPINION

By the Court, ZENOFF, J.:

Respondents, residents of the City of North Las Vegas, initiated a petition to submit a proposed ordinance to the voters of North Las Vegas. The ordinance would provide minimum wages and fringe benefits and maximum hours for the city's firemen and was to be retroactive to November 1, 1968 as to the wages. All procedural requirements for initiating the petition were met. The city and respondents sought by a declaratory judgment action a determination of the proposed ordinance's validity.

The district court ordered that the proposal be submitted to the people thus ruling impliedly that it was valid, although the proposal has not yet been submitted to the voters.

The question here is whether or not the validity of a proposed legislative act can be ruled upon in advance of its enactment. The answer is that it cannot.

This court is confined to controversies in the true sense. The parties must be adverse and the issues ripe for determination. Kress v. Corey, 65 Nev. 1, 189 P.2d 352 (1948). We do not have constitutional permission to render advisory opinions. Nev. Const. art. 6, § 4. No court to our knowledge has ever held that a declaratory judgment regarding the validity of a legislative act can be declared before the statute's enactment. The parties here are not at odds and no one is refusing to place the proposed ordinance on the ballot. We are not asked to grant a writ of mandamus to order the submission of the proposal. If such a request had been made, we would have had a controversy subject to adjudication. State v. City of Reno, 36 Nev. 334, 136 P. 110 (1913); cf. Caine v. Robbins, 61 Nev. 416, 131 P.2d 516 (1942). It is much like asking a declaration that the government has no power to enact legislation that may be under consideration but has not yet shaped

up into an enactment. Public Serv. Comm'n v. Wycoff Co., 344 U.S. 237, 245 (1952).

It is well-settled that the court will not entertain a declaratory action with respect to the effect and validity of a statute in advance of its enactment. Hodgman v. City of Taunton, 80 N.E.2d 31 (Mass. 1948); Anderson v. Byrne, 242 N.W. 687 (N.D. 1932); Drockton v. Cuyahoga County, 240 N.E.2d 896 (Com. Pleas Ohio 1968); 2 W. Anderson, Actions for Declaratory Judgments § 621 at 1415 (2d ed. 1951).

This opinion is restricted to proposed legislative acts exclusive of proposed constitutional amendments. Insofar as the latter are concerned, we have ruled only that the requirements of form and procedure must be met. Lundberg v. Koontz, 82 Nev. 360, 418 P.2d 808 (1966).

The district court erroneously entered a declaratory judgment. We reverse.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.