# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICKY BUSICK, INDIVIDUALLY; AND JUDY BUSICK, INDIVIDUALLY AND AS THE WIFE OF RICKY BUSICK,
Appellants,
vs.
TIMOTHY JAMES TRAINOR, M.D., INDIVIDUALLY; YEE ADVANCED ORTHOPEDICS AND SPORTS MEDICINE, P.C., A NEVADA PROFESSIONAL CORPORATION, D/B/A ADVANCED ORTHOPEDICS AND SPORTS MEDICINE,
Respondents.

No. 72966

**FILED**

MAR 2 8 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court judgment, pursuant to a jury verdict, in a medical malpractice action and post-judgment orders awarding attorney fees and costs and denying a motion for a new trial. Eighth Judicial District Court, Clark County Kathy A. Hardcastle, Senior Judge.

Appellant Ricky Busick underwent hip replacement surgery performed by respondent Dr. Timothy James Trainor at Centennial Hills Hospital and Medical Center in Las Vegas, Nevada. During surgery, Ricky suffered permanent damage to his peroneal nerve, causing a "foot drop." In 2011, Ricky and his wife Judy Busick (the Busicks) filed suit against Dr. Trainor, Advanced Orthopedics and Sports Medicine, and Yee Advanced Orthopedics and Sports Medicine (collectively "Dr. Trainor") for medical malpractice, breach of contract, vicarious liability, and loss of consortium. The suit went to trial in 2016, where the jury found unanimously in favor of Dr. Trainor. This appeal by the Busicks followed.

*Motion for a New Trial*

On appeal, the Busicks contend the district court erred when it denied their motion for a new trial that was based upon their claims that: (1) the district court improperly denied their request for a res ipsa loquitur jury instruction pursuant to NRS 41A.100(1)(d); (2) the Busicks were unfairly prejudiced by the admission of Ricky's informed consent and by Dr. Trainor's inconsistent testimony at trial compared to his deposition; and (3) the district court improperly admitted collateral source evidence because NRS 42.021 is unconstitutional and/or federally preempted. For the reasons discussed below, we conclude the district court did not commit palpable abuse when it rejected these claims. *Edwards Indus., Inc. v. DTE/BTE, Inc.*, 112 Nev. 1025, 1036, 923 P.2d 569, 576 (1996) (noting that when reviewing a district court's decision to deny a motion for a new trial, "[the reviewing court] will not disturb that decision absent palpable abuse").

*Res Ipsa Loquitur Jury Instruction*

First, the Busicks argue they were entitled to a res ipsa loquitur jury instruction pursuant to NRS 41A.100(1)(d) on the basis that Ricky's nerve injury was neither "directly involved" nor "proximate thereto" his hip replacement. We disagree.

"We will review a district court's decision to give a particular instruction for an abuse of discretion or judicial error." *Banks ex rel. Banks v. Sunrise Hosp.*, 120 Nev. 822, 832, 102 P.3d 52, 59 (2004). "A party is entitled to an instruction on every theory that is supported by the evidence, and it is error to refuse such an instruction when the law applies to the facts of the case." *Woosley v. State Farm Ins. Co.*, 117 Nev. 182, 188, 18 P.3d 317, 321 (2001). Additionally, "the requested instruction must be consistent with existing law. If the other instructions given to the jury adequately cover the subject of the requested instruction, or if there is no proof in the

record to support the instruction, the trial court should not give it." *Beattie v. Thomas*, 99 Nev. 579, 583-84, 668 P.2d 268, 271 (1983).

In the context of medical malpractice, a rebuttable presumption of negligence is automatically applicable where a plaintiff establishes the existence of one or more enumerated factual predicates under NRS 41A.100(1). *Johnson v. Egtedar*, 112 Nev. 428, 433-34, 915 P.2d 271, 274 (1996). If a plaintiff makes such a demonstration, a jury instruction is warranted. *Id.* at 434, 915 P.2d at 274. Relevant to this appeal, NRS 41A.100(1)(d) provides that the presumption of negligence arises where "[a]n injury was suffered during the course of treatment to a *part of the body not directly involved in the treatment or proximate thereto*[.]" (emphasis added).

Here, the district court found the Busicks failed to present evidence to show their theory of injury; instead, the evidence presented demonstrated Ricky's injured nerve was *proximate to* the treatment area because the nerve runs from the spine to the toes. Therefore, the district court concluded a res ipsa loquitur instruction under NRS 41A.100(1)(d) was not warranted because the Busicks failed to present evidence to support their theory. Based on the record before this court, we agree with the district court's conclusion. The Busicks failed to present sufficient evidence for the jury to consider the application of res ipsa loquitur under NRS 41A.100(1)(d). Thus, the district court did not abuse its discretion by declining to provide the proposed instruction to the jury. *See Woosley*, 117 Nev. at 188, 18 P.3d at 321.

*Admission of informed consent and Dr. Trainor's testimony*

Next, the Busicks allege they were unfairly prejudiced at trial in two ways: (1) by the introduction of Ricky's informed consent to his hip replacement surgery because consent was not an issue and its admission

potentially confused the jury; and (2) by Dr. Trainor's inconsistent trial testimony, as compared to his testimony in his deposition, which amounted to perjury. We review a district court's admission or exclusion of evidence for an abuse of discretion. *Las Vegas Metro. Police Dep't v. Yeghiazarian*, 129 Nev. 760, 764-65, 312 P.3d 503, 507 (2013).

With regard to the informed consent claim, the jury was instructed on how to evaluate the admission of Ricky's informed consent to his hip replacement and warned that Ricky's consent to the surgery did not equate to consent to negligent performance of the surgery. Specifically, the jury was instructed: "The fact Ricky Busick consented to the procedure and was informed of its risks does not grant consent for the procedure to be performed negligently." Thus, the district court did not abuse its discretion because the jury was properly instructed to not consider Ricky's informed consent as consent to a negligently performed hip replacement.

As to Dr. Trainor's testimony at trial, and the Busicks' contention that Dr. Trainor committed perjury, the district court properly instructed the jury on witness credibility and evidence of the deposition was introduced at trial. The district court denied the Busicks' claims of unfair prejudice on the basis that inconsistent memory, and thus testimony, does not automatically equate to perjury and that it is within the province of the jury to weigh witness credibility. The district court found any inconsistencies in Dr. Trainor's testimony at trial did not rise to "a willful misrepresentation of facts" so as to amount to perjury. Further, the district court acknowledged it was not appropriate to replace the jury's role in witness credibility determinations, concluding that the jury saw the video recording of Dr. Trainor's deposition and was instructed how to weigh conflicting testimony. The jury was instructed to ignore a witness's entire

SUPREME COURT
OF
NEVADA

(O) 1947A

4

testimony if the jury believed that the witness lied. It is the province of the jury, not the court, to weigh the credibility of witnesses and the weight of evidence. *See Allen v. State*, 99 Nev. 485, 487, 665 P.2d 238, 240 (1983). Accordingly, we find no demonstration of palpable abuse on the part of the district court. *See Yeghiazarian*, 129 Nev. at 764-65, 312 P.3d at 507.

Based on our above determinations, we conclude the district court did not abuse its discretion in denying the Busicks' motion for a new trial.[1]

*Attorney fees and costs*

Third, the Busicks challenge the awards of attorney fees and costs. Prior to trial, Dr. Trainor offered the Busicks a mutual waiver of attorney fees and costs pursuant to NRCP 68 and former NRS 17.115 in exchange for dismissal of the lawsuit with prejudice. The Busicks rejected Dr. Trainor's offer and the case proceeded to trial. After the jury returned a verdict in Dr. Trainor's favor, Dr. Trainor filed a verified memorandum of costs pursuant to NRS 18.005, NRS 18.020, and NRS 18.110, and then requested attorney fees pursuant to NRCP 68. The district court granted $100,263.75 in taxable costs and $59,689.50 in attorney fees.

*Attorney fee award under NRCP 68*

Generally, the "district court may not award attorney fees absent authority under a statute, rule, or contract." *Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1028 (2006). "A party is entitled to recover certain costs and reasonable attorney fees that it incurs after making an unimproved-upon offer of judgment pursuant to NRS 17.115 and NRCP 68." *Logan v. Abe*, 131 Nev. 260, 268, 350 P.3d 1139,

---

[1]The recent amendments to NRCP 59(a) and NRCP 68 do not impact our analysis or ultimate conclusions here.

1144 (2015). This court reviews an award of attorney fees for a manifest abuse of discretion. *Kahn v. Morse & Mowbray*, 121 Nev. 464, 479, 117 P.3d 227, 238 (2005).

In the NRCP 68 offer-of-judgment context, the district court is required to consider: (1) whether the offeree brought their claim in good faith; (2) whether the offeror's offer of judgment was also brought in good faith in both timing and amount; (3) whether the offeree's decision to reject the offer of judgment was in bad faith or grossly unreasonable; and (4) whether the amount of offeror's requested fees is reasonable and justified. *See Schouweiler v. Yancey Co.*, 101 Nev. 827, 833, 712 P.2d 786, 790 (1985). When awarding attorney fees in the offer-of-judgment context under NRCP 68 and former NRS 17.115, the district court must consider the factors set forth in *Beattie*, 99 Nev. at 588-89, 668 P.2d at 274. Additionally, in awarding attorney fees, the district court must consider the reasonableness of the fees pursuant to *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969). Although preferred, the district court is not required to provide express findings as to each factor in awarding attorney fees; rather, the district court is only required to provide that it considered those factors and to issue an award that is supported by substantial evidence. *See Logan*, 131 Nev. at 266, 350 P.3d at 1143. If the district court's exercise of discretion is neither arbitrary nor capricious, then we will not disturb an award of attorney fees under NRCP 68 on appeal. *Schouweiler*, 101 Nev. at 833, 712 P.2d at 790.

The district court found: (1) the Busicks did not maintain their lawsuit in good faith; (2) Dr. Trainor's offer of judgment was provided in good faith both in timing and in amount; (3) the Busicks unreasonably rejected Dr. Trainor's offer; and (4) Dr. Trainor's request of $59,689.50 for

attorney fees was justified and reasonable in consideration of the necessary factors under *Brunzell* and *Beattie*. *See id.* We conclude these findings are supported by substantial evidence, and thus the district court did not abuse its discretion in awarding Dr. Trainor $59,689.50 in attorney fees pursuant to NRCP 68. *Id.*

*Non-testifying witness costs*

The Busicks' contend that the district court erred when it awarded $2,250 in fees for a non-testifying expert.[2] We agree. A non-testifying expert is not entitled to more than $1,500 under NRS 18.005(5). *Pub. Employees' Ret. Sys. of Nev. v. Gitter*, 133 Nev. 126, 134, 393 P.3d 673, 681 (2017). For that reason, the district court abused its discretion in part by awarding a non-testifying witness over $1,500 in contravention of NRS 18.005(5) and we reverse the award of $2,250 to the non-testifying witness and remand this case to the district court to determine the appropriate award.

*Standing to challenge the admission of collateral source evidence*

Finally, the Busicks challenge the admission of collateral source evidence as improper because NRS 42.021, which allows the introduction of certain evidence related to collateral benefits, is unconstitutional under the Equal Protection Clauses of the United States and Nevada Constitutions and/or federally preempted by ERISA.

---

[2]To the extent the Busicks challenge other aspects of the costs award, we note the Busicks challenge these costs largely without the benefit of authority to support their arguments. We need not consider claims that are not cogently argued or supported by relevant authority. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288, n.38 (2006).

We recently declined to reach this issue in *Capanna v. Orth*, 134 Nev., Adv. Op. 108, 432 P.3d 726, 735 (2018) based on the appellant's lack of standing. Pursuant to NRAP 3A, "[a] party has the right to appeal when the party is aggrieved by a final, appealable judgment or order." *Jacinto v. PennyMac Corp.*, 129 Nev. 300, 303, 300 P.3d 724, 726 (2013). For a party to be "aggrieved" pursuant to NRAP 3A, the party "must be adversely and substantially affected by the challenged judgment." *Id.* at 303, 300 P.3d at 726.

Evidence of collateral source payments goes to the issue of damages. The Busicks were not aggrieved by the introduction of evidence of collateral source payments because the jury never reached the issue of damages. This court is not empowered to issue advisory opinions. *See City of N. Las Vegas v. Cluff*, 85 Nev. 200, 201, 452 P.2d 461, 462 (1969). Accordingly, because the Busicks were not aggrieved by the introduction of collateral source payments, we need not reach NRS 42.021's constitutionality and/or claim federal preemption on appeal.

Accordingly, we ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Chief Judge, The Eighth Judicial District Court
Hon. Kathy A. Hardcastle, Senior Judge
Stephen E. Haberfeld, Settlement Judge
Brenske & Andreevski
Mandelbaum, Ellerton & Associates
Eighth District Court Clerk