**129 Nev., Advance Opinion 32**

IN THE SUPREME COURT OF THE STATE OF NEVADA

MIGUEL JACINTO,
Appellant,
vs.
PENNYMAC CORP.; AND CAL-
WESTERN RECONVEYANCE
CORPORATION,
Respondents.

No. 59936

FILED

MAY 0 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



Appeal from a district court order granting a petition for judicial review in a Foreclosure Mediation Program matter. Eighth Judicial District Court, Clark County; Donald M. Mosley, Judge.

*Affirmed.*

Law Offices of Mitchell Posin, Chtd., and Mitchell Posin, Las Vegas,
for Appellant.

Pite Duncan, LLP, and Gregg A. Hubley and K. Alexandra Cavin, Las Vegas,
for Respondents.

BEFORE GIBBONS, DOUGLAS and SAITTA, JJ.

*OPINION*

By the Court, DOUGLAS, J.:

In this appeal, we address whether a homeowner whose petition for judicial review in a Foreclosure Mediation Program (FMP) matter was granted, but whose request for a judicially imposed loan modification was denied, is an aggrieved party with standing to appeal the amount and nature of sanctions. We conclude that when the district court

grants a homeowner's petition for judicial review, the homeowner may appeal from that final determination under NRAP 3A(b)(1) and challenge the nature and amount of sanctions imposed, if the type or amount of sanctions imposed adversely and substantially affects the homeowner to the extent that the homeowner is aggrieved as contemplated under NRAP 3A(a). In this case, the homeowner was awarded monetary sanctions but his request for a judicially imposed loan modification was denied. Because the homeowner was denied the loan modification, the order adversely and substantially affects his property rights, and thus, the homeowner is aggrieved by the district court's order. He therefore has standing to challenge the order on appeal. Nevertheless, because we conclude that the district court acted within its discretion in determining sanctions, we affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant Miguel Jacinto attended a first FMP mediation with Citimortgage, during which the parties reached an agreement to attempt a Home Affordable Modification Program (HAMP) loan modification based on Jacinto's prequalification for a modification. Pursuant to that agreement, Jacinto submitted financial documents for assessment. Citimortgage then sent Jacinto a letter stating that he could not be approved for a HAMP modification. After being denied the HAMP modification, Jacinto filed a petition for judicial review and sought sanctions against Citimortgage for failing to mediate in good faith. The district court ordered a second mediation but declined to impose additional sanctions.

Respondent PennyMac Corp. subsequently obtained beneficial interest in the deed of trust and promissory note through an assignment

executed in its favor and recorded. Thus, PennyMac attended the second mediation, as it was now the beneficiary of the deed of trust.[1] At the second mediation, the mediator determined that PennyMac failed to bring the promissory note, deed of trust, and a Broker's Price Opinion to the mediation. The mediator's statement further reported that PennyMac's representative lacked authority to negotiate.

Jacinto filed a second petition for judicial review, requesting monetary sanctions, attorney fees, and a judicially imposed loan modification. The district court granted the petition for judicial review and imposed monetary sanctions against PennyMac in the amount of the attorney fees sought by Jacinto. The district court declined to impose a loan modification or any additional monetary sanctions beyond the attorney fees. This appeal followed.

## DISCUSSION

*Standing*

Before reaching the merits of this appeal, we must first address whether Jacinto has standing to appeal the district court's choice of sanctions imposed against PennyMac. Jacinto appeals from a final, appealable order granting his petition for judicial review. NRAP 3A(b)(1). PennyMac, however, contends that Jacinto is not an aggrieved party because the district court granted the petition for judicial review.

A party has the right to appeal when the party is aggrieved by a final, appealable judgment or order. NRAP 3A(a), (b); *Valley Bank v.*

---

[1] Respondent Cal-Western Reconveyance Corporation is the deed of trust trustee and did not attend the mediation. Our reference to PennyMac in this opinion includes Cal-Western.

*Ginsburg*, 110 Nev. 440, 446, 874 P.2d 729, 734 (1994). An order granting or denying a petition for judicial review in an FMP matter is an appealable final judgment if it fully and finally resolves the matters as between all parties. *See Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. ___, ___ n.3, 255 P.3d 1275, 1277 n.3 (2011) (resolving an appeal from a denial of a petition for judicial review). To be aggrieved, a party must be adversely and substantially affected by the challenged judgment. *Webb ex rel. Webb v. Clark Cnty. Sch. Dist.*, 125 Nev. 611, 617, 218 P.3d 1239, 1244 (2009). In other words, a party is aggrieved when a judgment causes a "substantial grievance," such as the denial of some personal or property right. *Id.* (internal quotations omitted).

Here, Jacinto is aggrieved by the district court order because the district court declined to modify Jacinto's home loan or to impose monetary sanctions beyond attorney fees. In creating the Foreclosure Mediation Program, the Nevada Legislature expressly created a right to seek a judicially imposed home loan modification. NRS 107.086(5). Thus, although Jacinto's petition for judicial review was granted, we conclude that the denial of his loan modification request adversely and substantially affected his property rights such that he was aggrieved by the district court's decision regarding the imposition of sanctions. NRAP 3A(a); *Webb*, 125 Nev. at 617, 218 P.3d at 1244. Accordingly, Jacinto has standing to appeal from the order granting judicial review to challenge the amount and nature of the sanctions imposed against respondents.

*Sanctions*

As to the merits of his appeal, Jacinto argues that the monetary sanctions imposed by the district court were insufficient, and he requests that this matter be remanded with instructions to impose a

judicial loan modification and to award additional monetary sanctions. PennyMac argues that any document-production errors on its part were inadvertent, that Jacinto was not prejudiced by PennyMac's decision not to offer a loan modification, and that it attempted to mitigate its failure to provide the proper documents by completing a loan modification review for Jacinto. For these reasons, PennyMac contends that the district court acted within its sound discretion in awarding Jacinto $3,500 in monetary damages, the amount of the attorney fees incurred in the second mediation and the petition for judicial review proceedings.

In reviewing a district court order granting or denying judicial review in an FMP matter, this court gives deference to a district court's factual determinations and examines its legal determinations de novo. *Edelstein v. Bank of New York Mellon*, 128 Nev. \_\_\_, \_\_\_, 286 P.3d 249, 260 (2012). A deed of trust beneficiary seeking an FMP certificate must attend the mediation, participate in good faith, bring the required documents, and if attending through a representative, the representative must have authority to modify the loan or have access at all times to such a person. NRS 107.086(4), (5); *Leyva*, 127 Nev. at \_\_\_, 255 P.3d at 1279. If the district court finds noncompliance with these requirements, the bare minimum sanction is that an FMP certificate must not issue. *Holt v. Reg'l Tr. Servs. Corp.*, 127 Nev. \_\_\_, \_\_\_, 266 P.3d 602, 607 (2011). In the absence of factual or legal error, the choice of any further sanctions in addition to withholding the FMP certificate is committed to the district court's sound discretion. *Pasillas v. HSBC Bank USA*, 127 Nev. \_\_\_, \_\_\_, 255 P.3d 1281, 1287 (2011).

In *Pasillas*, we set forth a nonexhaustive list of factors for the district court to consider in weighing the appropriate sanctions to impose

SUPREME COURT
OF
NEVADA

(O) 1947A

5

when a party has violated the FMP requirements. 127 Nev. at ___, 255 P.3d at 1287. Relevant to this matter is "whether the violations were intentional, the amount of prejudice to the nonviolating party, and the violating party's willingness to mitigate any harm by continuing meaningful negotiation." *Id.* Here, the district court found that PennyMac violated NRS 107.086(4) by failing to bring certified copies of the promissory note and deed of trust, although it did provide noncertified copies, and the district court found that PennyMac failed to provide an appraisal, violating FMR 11's document-production requirements. The court further concluded, consistent with the mediator's findings, that PennyMac's representative lacked sufficient authority to negotiate a modification. The district court found that PennyMac was a flagrant violator of the document-production requirements, and concluded that PennyMac had participated in the FMP process in bad faith. It therefore granted Jacinto's petition for judicial review, denied an FMP certificate, and imposed additional sanctions of $3,500, which represented the attorney fees incurred by Jacinto for the second mediation and hearing on the petition for judicial review, but the district court denied Jacinto's request for a loan modification.

Having reviewed the record and considered the parties' arguments, we conclude that the district court made sufficient findings and conclusions, it properly considered the nonexhaustive *Pasillas* factors, and it acted within its sound discretion in determining the amount and nature of sanctions. *Pasillas*, 127 Nev. at ___, 255 P.3d at 1286-87. The district court found that PennyMac acted in bad faith and violated the document-production requirements. Based on those findings, it ordered the FMP certificate withheld as required, but it also imposed monetary

 

sanctions against PennyMac, thus imposing more than the minimum sanction. *Holt*, 127 Nev. at ___, 266 P.3d at 607. We perceive no abuse of discretion with regard to the district court's decision to decline Jacinto's request for the imposition of a loan modification or with regard to the amount of monetary sanctions imposed against PennyMac. *Pasillas*, 127 Nev. at ___, 255 P.3d at 1286-87.

## CONCLUSION

Because the district court's order granting judicial review denied Jacinto's request for a loan modification, Jacinto is an aggrieved party with standing to appeal. Nevertheless, there is no basis for reversing the judgment of the district court because the court properly concluded that PennyMac violated NRS 107.086 and exercised its sound discretion in denying an FMP certificate and imposing monetary sanctions. We therefore affirm.

_____, J.
Douglas

We concur:

_____, J.
Gibbons

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A