An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK,<br>Appellant,<br>vs.<br>DUKE RENSLOW; AND TINA<br>RENSLOW,<br>Respondents. | No. 58283<br><br>**FILED**<br><br>MAY 2 1 2015<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |

*ORDER AFFIRMING IN PART AND REVERSING IN PART*

This is an appeal from an order granting a petition for judicial review of a foreclosure mediation and issuing sanctions against the appellant. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Respondents Duke and Tina Renslow financed the purchase of their home through appellant Wells Fargo Bank in 2003. In 2009 the Renslows sought to modify their loan and were told by Wells Fargo that they needed to be 60 days delinquent on their mortgage payments to qualify for the Home Affordable Modification Program (HAMP). Once they were 60 days delinquent, the Renslows received notice from Wells Fargo that they had qualified for the HAMP loan trial period and signed an agreement to that effect. After making modified payments for five months, per the trial modification agreement, and after various attempts to find out from Wells Fargo whether that trial modification had become permanent, the Renslows were informed that the investor on their loan, which at the time Wells Fargo identified only as "FHLB," did not participate in the HAMP program so the Renslows could not modify their loan. But by paying the modified payments, the Renslows had defaulted

15-15683

on their loan, and Wells Fargo later recorded a notice of default and election to sell, upon which the Renslows elected to mediate under NRS 107.086.

Wells Fargo brought with it to the mediation the deed of trust that reflected it was the original lender and a sworn affidavit that it owned the Renslows' note. However, at some point before the mediation—the exact timing is apparently unknown—Wells Fargo had transferred the Renslows' note to Federal Home Loan Bank (hence the FHLB initials previously given to the Renslows), though no assignment was recorded or has ever been produced. In any event, during the mediation the Wells Fargo representative admitted that they could not tell who the investor was but offered the Renslows a lesser modification than that previously agreed to under HAMP loan trial period, which they rejected. The mediator's statement found that Wells Fargo "did not have the authority to fully negotiate and modify the loan," and the accompanying notes stated that though Wells Fargo provided the mediator with a certification that it owned the note, Wells Fargo did not own the note or know who did. The mediator's notes further recognized Wells Fargo's previous offer to modify the Renslows' loan, the Renslows' payments made under that modification agreement, and Wells Fargo's later withdrawal of that modification offer because it "had no authority to make the offer."

In their petition for judicial review before the district court, the Renslows asked for various forms of relief, including that the district court impose sanctions upon Wells Fargo by modifying their loan to a term of 15 years with reduced interest rates. After full briefing and an evidentiary hearing, the district court concluded that Wells Fargo failed to present to the mediator or the court its assignment to FHLB and thus "did

not meet the documentary requirements of NRS 107.086(4) [now section (5)]."[1] The district court further found that when Wells Fargo transferred the note to FHLB it also transferred its interest in the property, but that Wells Fargo, who could only then have been acting as FHLB's servicer representative, could still face sanctions. And because Wells Fargo's representative did not know the investor he represented at the mediation, the district court found he did not have authority to negotiate a modification of the loan or have access "at all times" to a person with such authority as also required by NRS 107.086(5). The district court also found that Wells Fargo failed to demonstrate its good faith participation in the mediation and its conduct—including its failure to know who controlled the loan, which resulted in the Renslows not being able to speak to FHLB or a legitimate representative of FHLB—actually prevented a good faith negotiation. Therefore, the district court modified the Renslows' loan and ordered that Wells Fargo pay $30,000 in monetary sanctions.

The bulk of Wells Fargo's appeal is a request that this court consider de novo its several constitutional challenges to NRS 107.086 even though it failed to raise those challenges before the district court. *See Awada v. Shuffle Master, Inc.*, 123 Nev. 613, 618, 173 P.3d 707, 711 (2007) (de novo review for constitutional challenges); *Nevadans for Nev. v. Beers*, 122 Nev. 930, 939, 142 P.3d 339, 345 (2006) ("Statutes are presumed to be

---

[1]In 2013 the Legislature amended NRS 107.086 to include a new section (4). 2013 Nev. Stat., ch. 536, §§ 3, 6(2), at 3480, 3484. The sections of NRS 107.086 pertinent to resolving this appeal did not substantively change, thus we use the current numbering.

valid, and the challenger bears the burden of showing that a statute is unconstitutional."). But "a de novo standard of review does not trump the general rule" that a party is deemed to have waived those points it fails to urge before the district court. *Schuck v. Signature Flight Support of Nev., Inc.*, 126 Nev. 434, 436, 245 P.3d 542, 544 (2010). And we decline to exercise our discretion to entertain these constitutional arguments raised for the first time on appeal. *State v. Hughes*, 127 Nev., Adv. Op. 56, 261 P.3d 1067, 1070 n. 4 (2011).

Instead, we review for an abuse of discretion Wells Fargo's preserved objection that the district court erred in sanctioning Wells Fargo under NRS 107.086(6). *Jacinto v. PennyMac Corp.*, 129 Nev., Adv. Op. 32, 300 P.3d 724, 727 (2013). Wells Fargo does not contest the district court's findings that it failed to bring the original or certified copy of the assignment of the loan to FHLB to the mediation or that it did not have authority to negotiate a modification of the loan. These findings in themselves support the imposition of sanctions against Wells Fargo. NRS 107.086(6) (the representative may have sanctions imposed if it does not bring a certified or original copy of each assignment of the loan, or have authority to negotiate a loan modification or have access to someone who can at all times during the mediation); *Pasillas v. HSBC Bank USA*, 127 Nev., Adv. Op. 39, 255 P.3d 1281, 1287 (2011) (reversing and remanding for imposition of sanctions where the bank beneficiary representative failed to provide the required documents and secure the requisite negotiation authority). Therefore, notwithstanding that the district court considered Wells Fargo's pre-mediation conduct concerning the HAMP modification to place the mediation conduct in context, which is Wells

 

Fargo's main challenge to the imposition of sanctions, the district court acted within its discretion in sanctioning Wells Fargo.

However, while sanctioning Wells Fargo for its mediation conduct was within the district court's discretion, not all of the sanctions imposed accomplished that end. Neither party challenges the district court's finding that Wells Fargo transferred its interest in the property when it assigned the note to FHLB. *See Edelstein v. Bank of New York Mellon*, 128 Nev., Adv. Op. 48, 286 P.3d 249, 257-58, 260 (2012) (adopting the Restatement (Third) of Property § 5.4 (1997), under which "a promissory note and a deed of trust are automatically transferred together unless the parties agree otherwise"). Thus, unlike the monetary sanction imposed, modifying the Renslows' loan was not a sanction *against Wells Fargo* because it no longer held the deed of trust or accompanying note to the property. *See Emerson v. Eighth Judicial Dist. Court*, 127 Nev., Adv. Op. 61, 263 P.3d 224, 228 (2011) (sanctions are meant to deter and punish the bad actor); *Khan v. Valliani*, 439 S.W.3d 528, 533 (Tex. App. 2014) ("The sanction . . . must be visited *upon the offender*. . . .") (emphasis added). And there is nothing in the record before this court that would support what is effectively the imposition of sanctions against FHLB, the entity that now holds the Renslows' note and deed of trust. The district court therefore abused its discretion in ordering that the Renslows' loan be modified and we must reverse that portion of the judgment. *Greiner v. Jameson*, 865 S.W.2d 493, 501 (Tex. App. 1993) (holding that district court abused its discretion when sanctioning companies that were not party to the case by ordering them to release various persons and entities from liability), writ denied (Mar. 23, 1994). *Cf. Clark County Sch. Dist. v. Richardson Const., Inc.*, 123 Nev. 382, 398, 168 P.3d 87, 98 (2007)

(defendant's discovery actions warranted sanctions but the scope of the sanctions actually imposed was overbroad and required reversal). Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Patrick Flanagan, District Judge
Snell & Wilmer, LLP/Tucson
Snell & Wilmer, LLP/Las Vegas
Carole Pope
Attorney General/Carson City
Brooks Hubley LLP
Philip A. Olsen
Washoe District Court Clerk

Supreme Court
of
Nevada

(O) 1947A