# IN THE SUPREME COURT OF THE STATE OF NEVADA

LA TIERRA HOMEOWNER
ASSOCIATION,
Appellant,
vs.
BANK OF AMERICA, N.A.,
Respondent.

No. 73124

**FILED**

MAR 28 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S.Young___
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Appellant La Tierra Homeowner Association (La Tierra)—through its agent Assessment Management Services (AMS)—recorded a Notice of Delinquent Assessment Lien on a property in Las Vegas, Nevada (the Property), claiming $1,873.34 in unpaid Homeowner Association (HOA) assessments, fees, and interest. A Notice of Default and Election to Sell was subsequently recorded, followed by an assignment of the deed of trust on the Property to respondent, Bank of America (BOA).[1] Prior to the HOA foreclosure sale on the Property, BOA sought to extinguish the HOA's superpriority lien by tendering $398.09 to AMS, equal to 9 months of delinquent HOA assessments. *See Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev. 362, 371, 373 P.3d 66, 72 (2016)

---

[1]BOA was assigned the deed of trust to the Property as the successor by merger to BAC Home Loans Servicing, LP, LP fka Countrywide Home Loans Servicing LP, Inc. BAC was the successor in interest to Duxford Financial, Inc., the entity that originally held the deed of trust to the Property. We refer to both BOA and BAC as "BOA" throughout this order for clarity.

19-13762

(holding that the superpriority portion of an HOA's lien consists of 9 months of assessments). AMS refused BOA's tender and recorded a Notice of Foreclosure Sale. Subsequently, LN Management Series 113 Amethyst Stars (LN Management) purchased the Property at the HOA foreclosure sale for $6,204.

LN Management sought to quiet title to the Property in an action against BOA. BOA filed a counterclaim, alleging that the HOA foreclosure sale did not extinguish BOA's interest in the Property because BOA tendered the superpriority portion of the HOA lien to AMS prior to the sale. Additionally, BOA pursued related crossclaims against La Tierra and AMS. BOA then moved for summary judgment, in relevant part, on the basis that BOA tendered a check to AMS to pay the superpriority portion of the HOA lien, such that BOA's deed of trust could not be extinguished by the HOA foreclosure sale.

The district court granted BOA's motion for summary judgment against LN Management, finding BOA's tender of $398.09 to AMS prior to the HOA foreclosure sale represented the statutory superpriority portion of La Tierra's lien on the subject property; therefore, BOA's deed of trust survived the HOA foreclosure sale. As a result, the district court concluded that LN Management took title to the Property subject to BOA's deed of trust. In reaching this conclusion, the district court held that despite the wrongful rejection of BOA's tender of $398.09, this tender extinguished the superpriority portion of the HOA's lien. The district court declined to rule upon the additional arguments posited by BOA in its motion for summary judgment, finding that "[BOA's] super-priority tender is dispositive of the case." Specifically, the district court did not address any crossclaims brought against La Tierra and AMS. This appeal followed, wherein La

Tierra argues BOA's tender of the superpriority portion of the HOA lien was invalid.

Pursuant to NRAP 3A, "[a] party has the right to appeal when the party is aggrieved by a final, appealable judgment or order." *Jacinto v. PennyMac Corp.*, 129 Nev. 300, 303, 300 P.3d 724, 726 (2013). "[T]his court has jurisdiction to entertain an appeal only where the appeal is brought by an aggrieved party." *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 446, 874 P.2d 729, 734 (1994) (emphasis omitted). A party is "aggrieved" within the meaning of NRAP 3A, "when a judgment causes a substantial grievance, such as the denial of some personal or property right." *Jacinto*, 129 Nev. at 303, 300 P.3d at 726 (internal quotation marks omitted). A grievance is substantial when "the district court's decision imposes an injustice, or illegal obligation or burden, on the party, or denies the party an equitable or legal right." *Matter of T.L.*, 133 Nev., Adv. Op. 97, 406 P.3d 494, 496 (2017).

La Tierra contends it is an aggrieved party because the district court found that the rejection of BOA's tender was wrongful. On this basis, La Tierra argues that it is aggrieved insofar as La Tierra is vulnerable to future adverse rulings as a result of the district court's conclusions of law in granting summary judgment. However, the district court never reached BOA's crossclaims against La Tierra, meaning that La Tierra was not aggrieved in the context of this case. Rather, the district court merely concluded that LN Management's property interest was encumbered by BOA's deed of trust. Because La Tierra's fear of facing adverse rulings in future cases is purely speculative, we conclude that La Tierra is not an aggrieved party within the meaning of NRAP 3A and lacks standing to appeal the district court's order.

We find La Tierra fails to establish how the district court aggrieved its interests in a concrete way. As a result, La Tierra was not "adversely and substantially affected" by the district court's order in this case. *Valley Bank of Nev.*, 110 Nev. at 446, 874 P.2d at 734 (internal quotation marks omitted).[2]

Accordingly, we ORDER this appeal DISMISSED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:     Hon. Elizabeth Goff Gonzalez, District Judge
        Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP/Las Vegas
        Akerman LLP/Las Vegas
        Eighth District Court Clerk

---

[2]We do not reach any of the other issues posited by La Tierra in this appeal as a result of La Tierra's lack of standing.