# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN TAYLOR,
Appellant,
vs.
ROBERT J. KILROY,
Respondent.

No. 75131



FILED

JUL 1 5 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court amended judgment awarding attorney fees, costs, and prejudgment interest in a tort action. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

In June 2008, appellant Steven Taylor pulled over his semi-trailer in the emergency lane on the US-95 to investigate whether his cargo load was securely fastened. After a pickup truck unexpectedly cut into respondent Robert Kilroy's lane, Kilroy crashed into the back of Taylor's trailer and was severely injured. Taylor sued Kilroy for negligence in January 2009, followed by Kilroy's countersuit for the same in May 2010. Following a trial in 2013, a jury returned a verdict for Kilroy, but finding each party 50% liable. Both parties moved for a new trial based on the jury's failure to follow instructions on damages, and the district court ordered a new trial limited to damages. After Taylor's unsuccessful appeal to the Court of Appeals challenging the district court's order directing a new trial as to damages only, *Taylor v. Kilroy*, Docket No. 64293 (Order of Affirmance, Sept. 30, 2015), the parties stipulated to binding arbitration on damages. The arbitration panel awarded Kilroy $3,379,146.88, finding Kilroy sustained $6,758,293.76 in damages, then deducting that amount based on the comparative 50/50 fault found by the jury. Judgment was entered on the arbitration award, and Kilroy moved for an amended judgment as well as attorney fees, costs, and interest. In an amended judgment, the district

19-29934

court awarded Kilroy $505,413 in attorney fees, $117,465.76 in costs, and $1,429,938.41 in interest on past damages. Taylor appeals.

*Standing to appeal*

Kilroy moved to dismiss this appeal, contending Taylor lacks standing because the district court found Taylor's insurance carrier, Maxum Specialty Insurance Group, responsible for the amended judgment and for attorney fees, costs, and the interest on past damages.

Pursuant to NRAP 3A, "[a] party has the right to appeal when the party is aggrieved by a final, appealable judgment or order." *Jacinto v. PennyMac Corp.*, 129 Nev. 300, 303, 300 P.3d 724, 726 (2013). "[T]his court has jurisdiction to entertain an appeal only where the appeal is brought by an aggrieved party." *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 446, 874 P.2d 729, 734 (1994) (emphasis omitted). "[A] party is aggrieved when a judgment causes a 'substantial grievance,' such as the denial of some personal or property right." *Jacinto*, 129 Nev. at 303, 300 P.3d at 726. A grievance is substantial when "the district court's decision imposes an injustice, or illegal obligation or burden, on the party, or denies the party an equitable or legal right." *Matter of T.L.*, 133 Nev. 790, 792, 406 P.3d 494, 496 (2017).

Below, Maxum moved to interplead funds, naming itself in the case caption as plaintiff-interpleader and requesting, in part, an order allowing its policy limits of $1 million to be interplead and deposited with the district court. Taylor joined Kilroy in opposing Maxum's motion. Maxum contended it did not put the issue of Taylor's insurance contract before the court by seeking to interplead the $1 million to satisfy part of the arbitration judgment entered against Taylor. The district court disagreed with Maxum, holding attorney fees, costs, and interest on the entire judgment recoverable under the supplemental payments portion of Taylor's insurance contract with Maxum.

 

The district court's amended judgment does not hold Taylor personally responsible for the judgment owed to Kilroy; however, that order references previous rulings that do hold Taylor responsible, and it does not specifically relieve Taylor of any obligation to pay Kilroy should Maxum fail to do so. As a result of this ambiguity and because the amended judgment does not specifically prohibit Kilroy from enforcing the judgment against Taylor, Kilroy's motion to dismiss is denied. Taylor has standing to appeal the district court's amended judgment because that order does not absolve Taylor of liability.[1]

*Inadmissible references to settlement*

Taylor argues Kilroy's repeated references to inadmissible evidence in violation of NRAP 16(h) and NMR 11(A) compel setting aside the district court amended judgment granting fees and prejudgment interest to Kilroy. Findings of fact are given deference and will not be set aside unless they are clearly erroneous or unsupported by substantial evidence. *Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013).

In Kilroy's motion for attorney fees and subsequent amendments to that motion, Kilroy noted Maxum did not offer him anything at the mandatory settlement conference that took place when the underlying action was first on appeal before the Court of Appeals. Taylor objected to these references as violating NRAP 16(h) and NMR 11(A)'s rules on confidentiality of settlement negotiations. The district court explicitly stated it would not consider anything that occurred during the mandatory settlement conferences. The district court additionally rejected Taylor's contention that the references to the conferences tainted the record beyond

_____

[1]Taylor's request for affirmative relief should this court find merit to Kilroy's standing argument is denied, as Taylor's request was conditioned on this court's conclusion he lacked standing.

repair. We do not consider the parties' arguments as to whether Kilroy violated rules of confidentiality or whether these references to the settlement conferences prejudiced Taylor because the district court did not consider the references. Setting aside Kilroy's award of attorney fees and prejudgment interest is not warranted, based upon the district court's explicit rejection of inadmissible references.

*Attorney fees, costs, and interest pursuant to NRCP 68*

Finally, Taylor argues the district court abused its discretion in awarding Kilroy attorney fees, costs, and interest under NRCP 68, challenging the district court's ruling as to the second and third factors under *Beattie v. Thomas*, 99 Nev. 579, 668 P.2d 268 (1983). Under *Beattie*, a district court must consider the following when evaluating a request for attorney fees pursuant to NRCP 68: (1) whether the claim was brought in good faith; (2) whether the offeror's good faith offer of judgment was reasonable in amount and in timing; (3) whether the offeree's rejection of this offer was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror were justified and reasonable. *Id.* at 588-89, 668 P.2d at 274.

We review an award of attorney fees and costs for an abuse of discretion. *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 80, 319 P.3d 606, 615 (2014). Fees awarded under NRCP 68 are discretionary so long as the *Beattie* factors are properly weighed. *Bidart v. American Title Ins. Co.*, 103 Nev. 175, 179, 734 P.2d 732, 735 (1987). NRCP 68 awards will be overturned on appeal only if the district court was arbitrary or capricious in its evaluation of the *Beattie* factors. *Schouweiler v. Yancey Co.*, 101 Nev. 827, 833, 712 P.2d 786, 790 (1985).

In November 2010, Kilroy made a formal offer of judgment of Taylor's policy limit of $1 million; Taylor rejected it. Kilroy's motion for attorney fees, costs, and interest was premised upon this rejection following

the jury verdict and arbitration award in his favor. The district court explicitly considered all four *Beattie* factors, finding: (1) Kilroy filed his counterclaim against Taylor in good faith; (2) Kilroy's offer of judgment was reasonable in amount and in timing; (3) Taylor's rejection of Kilroy's offer of judgment was grossly unreasonable; and (4) the attorney fees requested by Kilroy's attorneys were reasonable based on consideration of the factors under *Brunzell v. Golden Gate Nat. Bank*, 85 Nev. 345, 455 P.2d 31 (1969). As to Taylor's challenges to the district court's findings, the district court specifically noted it considered both the reasonableness of Kilroy's offer and whether Taylor's rejection of that offer was grossly unreasonable based on the information known to the parties at the time the offer was made. Taylor has not demonstrated that the district court's consideration of these issues was arbitrary or capricious. Thus, the district court did not abuse its discretion, as the district court properly weighed the *Beattie* factors. *See Bidart*, 103 Nev. at 179, 734 P.2d at 735.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

cc: Hon. Timothy C. Williams, District Judge
Persi J. Mishel, Settlement Judge
Schuetze & McGaha, P.C.
Atkin Winner & Sherrod
Robert Winner, Ltd.
Eighth District Court Clerk