IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE
GUARDIANSHIP OF ANNE LOUISE
AULICINO BENVENISTE.

BRUCE IORIO,
Appellant,
vs.
ANNE L. AULICINO BENVENISTE;
DEBORAH MASTROVITO; AND JO-
ANN GERBINO,
Respondents

No. 75948

FILED

APR 28 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying an NRCP 60(b) motion for relief from final judgment in a guardianship matter. Eighth Judicial District Court, Family Court Division, Clark County; William S. Potter, Judge.[1]

Respondent Anne Benveniste and her son, appellant Bruce Iorio, filed actions with the district court seeking to recover allegedly misappropriated assets from Benveniste's family members.[2] After an evidentiary hearing, the district court found, in relevant part, that

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

[2]The district court appointed Iorio as guardian of Benveniste's person and appointed respondent Deborah Mastrovito, one of Benveniste's daughters, to serve as guardian of Benveniste's estate. *See* NRS 159.0487 (listing types of guardians).

21-12118

Benveniste was competent when she signed an agreement (the debt forgiveness agreement) forgiving a $132,000 judgment against her daughter, respondent Jo-Ann Gerbino, and ordered Gerbino to return Benveniste's diamond necklace or pay Benveniste twice its appraised value pursuant to NRS 159.315 (allowing a person subject to a guardianship to recover either the converted item or double its value). Iorio moved for relief from the trial order under NRCP 60(b) (2005)[3] (allowing the district court to relieve a party from a judgment or order for specified reasons). The district court denied Iorio's motion, and Iorio now appeals that decision.

Initially, we conclude that Iorio has standing to appeal as an aggrieved party in his capacity as Benveniste's guardian because he seeks to return items to Benveniste's estate to maintain her standard of living. *See* NRAP 3A(a) (providing that only aggrieved parties have appellate standing); *Jacinto v. PennyMac Corp.*, 129 Nev. 300, 303, 300 P.3d 724, 726 (2013) (explaining that an aggrieved party is one that is "adversely and substantially affected by the challenged judgment"); *see also* NRS 159.328(1)(h) (providing that a protected person has the right to have their preferred standard of living, if reasonable, upheld). And, because Iorio appeals for Benveniste's benefit, we reject Gerbino's argument that only Mastrovito, the guardian of Benveniste's estate, has standing to appeal the district court's order.[4]

---

[3]All references to NRCP 60 refer to the version of the rule predating the amendments that took effect on March 1, 2019.

[4]We further note that Benveniste declined to file an answering brief in her individual capacity and that Mastrovito supports Iorio's arguments and factual assertions.

Reviewing the district court's order for an abuse of discretion, *Rodriguez v. Fiesta Palms, LLC*, 134 Nev. 654, 656, 428 P.3d 255, 257 (2018), we find none. We first reject Iorio's argument that he was entitled to NRCP 60(b) relief based on the district court's purported mistake in denying the parties' request to continue trial so they could retain experts. *See* NRCP 60(b)(1) (allowing relief from an order due to "mistake, inadvertence, surprise, or excusable neglect"). Contrary to Iorio's assertions, the record contains no evidence that Iorio or Benveniste sought a continuance in order to secure expert testimony. *See* NRAP 30(b)(3) (providing that appellant's appendix shall include any "portions of the record essential to determin[e the] issues raised" on appeal). And we decline to consider Iorio's argument that the district court's purported mistake in allowing Judge Hardcastle to preside over the evidentiary hearing due to his unfamiliarity with the case warranted NRCP 60(b) relief because Iorio provides no authority for this contention. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (declining to consider claims where the appellant "neglected his responsibility to cogently argue, and present relevant authority, in support of [those claims]").

We next conclude that the district court did not abuse its discretion denying NRCP 60(b) relief based on Iorio's challenge to its finding that Benveniste was competent to sign the debt forgiveness agreement as the record supports the finding. Moreover, such a challenge to the district court's evidentiary findings should be raised on appeal from a final judgment. *Cf. Williams v. Eighth Judicial Dist. Court*, 127 Nev. 518, 524-25, 262 P.3d 360, 364-65 (2011) (acknowledging that a district court's evidentiary rulings are best reviewed on appeal from the final judgment). The district court also did not abuse its discretion in denying Iorio's request

for relief due to "newly discovered evidence" in the form of an expert report concerning Benveniste's capacity, as Iorio failed to explain why he could not have obtained the report in time to move for a new trial under NRCP 59.[5] *See* NRCP 60(b)(2) (allowing relief from a judgment due to "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)").

We also conclude that the district court did not abuse its discretion in denying NRCP 60(b)(1) relief based on Iorio's allegation that the district court made a mistake in relying on an appraisal from Gerbino to value the necklace.[6] The record indicates that only Gerbino submitted an appraisal to the court, and Iorio failed to demonstrate that relief was warranted due to that appraisal being a fraudulent misrepresentation. *See* *NC-DSH, Inc. v. Garner*, 125 Nev. 647, 653, 218 P.3d 853, 858 (2009) (allowing relief from a final judgment "when the court finds after a proper hearing that fraud has been practiced upon it" (quoting *Universal Oil Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946) (internal quotation marks omitted))); *see also* NRCP 60(b)(3) (permitting relief from a judgment for "fraud . . . , misrepresentation or other misconduct of an adverse party"). We similarly conclude that Iorio failed to demonstrate that relief was

---

[5]The deadline to move for a new trial expired 21 days before Iorio filed his NRCP 60(b) motion. *See* NRCP 59(b) (2005) (permitting a party to file a motion seeking a new trial "no later than 10 days after service of written notice of the entry of the judgment").

[6]We decline to consider Iorio's argument that the district court abused its discretion by failing to award both damages and return of the necklace because he did not raise it until his reply brief. *See Phillips v. Mercer*, 94 Nev. 279, 283, 579 P.2d 174, 176 (1978) (refusing to consider an argument first raised in a reply brief).

warranted pursuant to NRCP 60(b)(3) by showing that the district court's reliance on allegedly false testimony affected its judgment. Accordingly, we ORDER the order of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver


cc:     Chief Judge, Eighth Judicial District Court
        Department M, Family Division, Eighth Judicial District Court
        Harper Selim
        Aaron D. MacDonald
        Deborah Mastrovito
        Jo-Ann Gerbino
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A