# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CLAIN BRANDT, AN INDIVIDUAL, Appellant, vs. JOSHUA SMITH, A MEMBER ON BEHALF OF HIMSELF AND DERIVIATIVELY ON BEHALF OF NOMINAL DEFENDANTS JOSHCO GROUP, LLC, D/B/A VETERAN BENEFITS GUIDE, JOSHCO GROUP TECH, LLC, VETERAN BENEFITS GUIDE NV, LLC, VETERAN BENEFITS GUIDE CA, LLC, AND KPC HOLDINGS LTD, LLC; LAUREN SMITH, A MEMBER ON BEHALF OF HERSELF AND DERIVIATIVELY ON BEHALF OF NOMINAL DEFENDANTS JOSHCO GROUP, LLC, D/B/A VETERAN BENEFITS GUIDE, JOSHCO GROUP TECH, LLC, VETERAN BENEFITS GUIDE NV, LLC, VETERAN BENEFITS GUIDE CA, LLC, AND KPC HOLDINGS LTD, LLC; VETERAN BENEFITS ADVANTAGE, A CALIFORNIA LIMITED LIABILITY COMPANY; JOSHUA SMITH, AN INDIVIDUAL; LAUREN SMITH, AN INDIVIDUAL; AND MICHAEL LICARI, AN INDIVIDUAL, Respondents. | No. 83667 |

FILED

JAN 1 9 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK



## ORDER DISMISSING APPEAL AND RESOLVING MOTIONS

This is an appeal from a district court order granting a motion to confirm compliance with settlement term sheet and a district court order granting a motion to enforce settlement. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Respondents have filed a joint motion to dismiss this appeal for lack of jurisdiction and request for sanctions pursuant to NRAP 38. Brandt opposes the motion and respondents have filed a reply.

Both parties have also filed motions to redact or seal certain exhibits to the joint motion and opposition. The motions are granted. *See* SRCR 7. The redacted joint motion to dismiss was filed on November 5, 2021, and the redacted opposition was filed on November 12, 2021. The clerk of this court shall file, under seal, the joint motion received on November 12, 2021, and the opposition received on November 19, 2021.

"[T]his court has jurisdiction to entertain an appeal only where an appeal is authorized by statute or court rule." *Valley Bank of Nevada V. Valley Bank of Nevada v. Ginsburg,* 110 Nev. 440, 444, 874 P.2d 729, 732 (1994). The two orders identified in appellant's notice of appeal are interlocutory orders and no statute or court rule authorizes an appeal from either order. *See id.,* at 444-445, 874 P.2d at 733 (declining to construe a pre-dismissal order that approved a proposed settlement as the final judgment). The final judgment in this matter is the stipulation and order dismissing the case with prejudice that was entered on October 15, 2021. *See id.* at 445, 733; *see also* NRAP 3A(b)(1) (identifying a final judgment entered in an action as an appealable determination); NRAP 4(a)(3) (providing that a stipulation that dismisses all unresolved claims pending in an action is a final judgment for appellate purposes). Although this appeal is timely from the final judgment, NRAP 4(a)(1), and interlocutory orders generally may be challenged when appealing from the final judgment, *see Consol. Generator-Nev., Inc. v. Cummins Engine Co.,* 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998), we conclude we lack jurisdiction because appellant lacks standing to appeal.

"A party has the right to appeal when the party is aggrieved by a final, appealable judgment or order." *Jacinto v. PennyMae Corp.*, 129 Nev. 300, 303, 300 P.3d 724, 726 (2013); *see also* NRAP 3A(a) ("A party who is aggrieved by an appealable judgment or order may appeal from that judgment or order, with or without first moving for a new trial."). Here, appellant stipulated to the dismissal of all claims raised in his action below with prejudice and appellant admits he is not challenging the dismissal of those claims. Although appellant is aggrieved by the interlocutory orders he wishes to challenge on appeal, *see Jacinto*, 129 Nev. at 303, 300 P.3d at 726 (defining aggrieved for purposes of NRAP 3A(a)), he is not aggrieved by the final judgment. Therefore, we conclude appellant lacks standing to appeal and we grant respondents' motion to dismiss this appeal. However, we deny respondents' request to impose sanctions pursuant to NRAP 38. Accordingly, we

ORDER this appeal DISMISSED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

cc: Hon. Nancy L. Allf, District Judge
Persi J. Mishel, Settlement Judge
McDonald Carano LLP/Las Vegas
Garman Turner Gordon
Brownstein Hyatt Farber Schreck, LLP/Las Vegas
Holland & Hart LLP/Las Vegas
Lipson Neilson P.C.
Eighth District Court Clerk